William E. Ringel, J.
This is a motion to dismiss the information filed against this defendant on the grounds that his rights have been violated in that he was not granted a speedy trial.
The facts in this case are as follows: On February 15, 1954, a complaint and warrant were drawn and issued against this defendant charging him with violation of section 438 (now § 3351) of the Public Health Law of this State. The crime charged in the complaint was alleged to have been committed on November 10, 1953.
On April 21, 1954, the defendant was sentenced to a term of from three to five years in the State prison in Trenton, New Jersey. On the same day the complaint and warrant issued in this State on February 15, 1954, were lodged and filed at the New Jersey penal institution.
After the defendant was released from the New Jersey penal institution, he was arraigned before a city magistrate of the City of New York on the complaint mentioned above. In the said Magistrates’ Court he waived examination and was held for trial by the Court of Special Sessions of the City of New York. Bail was fixed in the sum of $500. All this occurred on September 24, 1956.
On October 1,1956, the information, on which he is now before this court, was filed by the District Attorney of Queens County and the case was set down for pleading in this court on October 26, 1956. On that day the defendant appeared and immediately moved to dismiss the information for the reasons given.
The People argue that the motion to dismiss the information should be denied for the following reasons:
*468 (a) That the delay in this ease (over 30 months) is not inconsistent with the mandate for a speedy trial.
(b) That the defendant could not have been brought to trial in this State without the consent of the confining State and the defendant, since he was continuously confined in prison without the State.
The defendant argues that his incarceration in New Jersey was no legal excuse for the delay of his trial, that the State had the power to try this case expeditiously and the State’s failure to do so has violated his rights under State law and under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. He argues further that such delay has also deprived him of his ability properly to prepare for trial and in particular his ability to obtain witnesses for his defense.
A person charged with a crime has the right to a speedy trial. (Code Crim. Pro., §§ 8, 668; Civil Rights Law, § 12; People v. Prosser, 309 N. Y. 353; .People v. Begue, 1 A D 2d 289, 292.)
The burden of moving promptly for trial, rests on the People (People v. Prosser, supra).
Though under certain circumstances, a defendant may be deemed to have waived his rights to a speedy trial (People v. Chirielson, N. Y. L. J., Jan. 23, 1956, p. 11, col. 1) failure of the defendant to act cannot be construed as a waiver on his part for such a speedy trial (People v. Prosser, supra).
Sections 827 and 832 of the Code of Criminal Procedure give the People the right and the power at the very least, to initiate action to bring the defendant to trial speedily, even though he is incarcerated without the State. For some 30 months the People did nothing in this matter and set forth no reasons for their failure to act or for their delay in moving this case for trial. The court agrees that no rule of thumb exists for measuring delay in these cases, but that each case must be decided on its own merits (People v. Prosser, supra; People v. Hall, 51 App. Div. 57). The defendant’s incarceration in Trenton, New Jersey, which is only a short distance from this city, was no legal excuse for the delay.
The mere lodging and filing of the warrant with the State prison in Trenton, may have given the defendant “ an awareness that the prosecution was being kept alive * * * [and] that a trial would eventually be had ” (People v. Prosser, supra, p. 360), nevertheless, the Appellate Division, First Department, in People v. Godwin (2 A D 2d 846) states, “ This alone ” (viz., the lodging of the warrant), “ may not constitute a showing of good cause for the delay (Code Crim. Pro. § 668).” It is also *469 to be noted, however, that in the Godwin case, cited above, where the motion to dismiss was denied, the defendant had requested three adjournments after the case had been marked ready for trial. In the instant case, however, the defendant moved with celerity to have his case dismissed.
In People v. Prosser (supra, p. 356) Judge Fuld said, in reference to a defendant’s right to a speedy trial: “ Its benefits may be claimed, therefore, by any person under indictment, whether he be imprisoned to await trial on the pending charge, whether he be admitted to bail or whether he be a prisoner already serving a sentence in the same jurisdiction for a different crime.”
Did Judge Fuld mean by this that the right of a defendant to a speedy trial in the State of New York, stops at the borders of our State or does this right transcend mere geographical limitations ?
This court appreciates the various problems concomitant with producing a prisoner before one of our State courts when he is incarcerated in a penal institution without the State. Nevertheless, in the instant case, obtaining jurisdiction over the defendant who was incarcerated only a short distance from New York City, albeit in a neighboring State, is no greater hardship than obtaining jurisdiction over a prisoner incarcerated in a city like Rochester or Buffalo or other such distant places that happen to be located in the State of New York.
It is well known that time fades the memory of witnesses and that delays often result in an inability to locate them. Are the memories of witnesses fresher, or are witnesses easier to locate when a defendant is incarcerated within the State rather than without the State %
In view of the above, the court does not feel that it is necessary to go into the questions of constitutional law raised by the defendant though the following may be cited in passing: the Sixth Amendment of the Constitution of the United States; paragraph (b) of rule 48 of the Federal Rules of Criminal Procedure; Matter of Provoo (17 F. R. D. 183, 195-200).
The court is of the opinion, therefore, that under the law and under all of the circumstances in this case, the defendant has been deprived of his right to a speedy trial, and the motion to dismiss this information is granted and the defendant is discharged.