■ BEATRICE LANDESMAN, Appellant-Respondent, v. GEORGE LANDESMAN, Respondent-Appellant.— In an action by a wife for separation, a judgment was entered granting the wife a separation, awarding custody of the infant child of the parties to the wife with visitation rights to the husband, and directing the husband to pay $140 a week for the support and maintenance of the wife and the child. The wife appeals from so much of the judgment as allows $140 a week, as inadequate. The husband appeals from so much of said judgment as allows $140 a week, as excessive, and as fixes his custodial and visitation rights. Judgment, insofar as appealed from, unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ BEATRICE PICCINI, Appellant, v. ROCCO T. PICCINI, Respondent.— In an action for separation, a motion was made for temporary alimony and for the support of appellant and the child of the parties and for a counsel fee. The Special Term directed respondent to pay $20 a week for the support of the child and referred the application for temporary alimony and the counsel fee to the trial court for determination. By a subsequent order the wife's motion to reargue was granted, but on reargument the original decision was adhered to. The appeal is from so much of the order on reargument as adhered to the original decision. Order affirmed, without costs. In view of the charges and countercharges, as well as the contradictory affidavits submitted, it was well within the discretionary power of the Special Term to refer the application for alimony and counsel fee to the trial court. It is obvious that the best result may be obtained by trial of the issues before a court which will have the opportunity of seeing and hearing the witnesses. Such result might well have been obtained had appellant elected to proceed promptly instead of prosecuting this appeal. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JEROME BRANDFON, Respondent.— On October 1, 1956 an information was filed in the Court of Special Sessions of the City of New York, Borough of Queens, charging respondent with fraudulently obtaining narcotics on or about November 10, 1953, a misdemeanor under section 438 (now § 3351) of the Public Health Law. After arraignment on the information, respondent's motion, under sections 8 and 668 of the Code of Criminal Procedure, to dismiss the information on the ground that he had been deprived of a speedy trial, was granted. The People appeal. Order reversed, motion denied, and respondent required to plead to the information at a term of the Court of Special Sessions at a time to be provided in the order to be entered hereon. The delay in bringing the action to trial was due to the fact that respondent was imprisoned in a foreign State prison under an indeterminate sentence. A warrant of arrest and detainer was filed in the said prison in April, 1954, and respondent was aware of the contents thereof. (See *People* v. *Prosser,* 309 N. Y. 353, 356; *People* v. *Peters,* 198 Misc. 956.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. Settle order on notice. [4 Misc 2d 466.]