Jerry Lee BONSOR, Petitioner,

v.

DISTRICT COURT OF CIMARRON COUNTY et al., Respondents.

No. A–12377.

Criminal Court of Appeals of Oklahoma.

Oct. 3, 1956.

Rehearing Denied Nov. 21, 1956.

Jerry Lee Bonsor, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, Presiding Judge.

This is an original action by Jerry Lee Bonsor in which he filed a verified petition "for writ of procedendo ad judicium." After reading the verified petition and the facts therein alleged, this court concluded that petitioner asks this court to assume original jurisdiction and issue a writ of mandamus directing the District Court of Cimarron County to dismiss a criminal action allegedly pending against the petitioner.

The verified petition alleges that petitioner is confined in the Texas State Prison at Huntsville serving a ten year sentence for burglary; that on March 24, 1954, the sheriff of Cimarron County mailed a war-

rant detainer to the Texas prison naming petitioner as charged with the crime of burglary in Cimarron County and asking that petitioner be detained upon completion of his sentence to be delivered to the sheriff of Cimarron County for transportation to Cimarron County for trial upon said charge. That on June 13, 1955, petitioner mailed to the District Court of Cimarron County a motion for dismissal of the charge of burglary allegedly there pending against him for the reason that he had been denied his right to a speedy trial. That no judgment or order was issued in connection with said petition and petitioner was accorded no relief. That on September 26, 1955, the petitioner sent a registered letter to the District Court of Cimarron County at Boise City referring to his petition and asking that it be acted upon; but that he received no reply to said letter and the petition and relief has apparently been denied.

Petitioner further alleges that he was entitled to a speedy trial under the Constitution, Art. 2, § 20 and statutes of Oklahoma, 22 O.S.1951, § 13; that the State of Oklahoma could have extradited petitioner from the Texas prison for trial and that they have failed and refused to do so and that petitioner is entitled to have the detainer removed against him and the case dismissed because of his denial of a speedy trial.

In the response it is alleged that there is no criminal action pending against the petitioner in the District Court of Cimarron County but that subsequent to the incarceration of petitioner in the Texas prison a complaint charging the petitioner with the crime of burglary was filed before a committing magistrate and a warrant was issued for the arrest of the petitioner. That the petitioner has never been within the jurisdiction of the District Court of Cimarron County nor within the jurisdiction of the committing magistrate of Cimarron County and that since he has never been arrested nor within the jurisdiction of said committing magistrate, that he has had no preliminary hearing and there is no way such a hearing can be held so long as the petitioner is a prisoner in the Texas prison.

We find the facts to be as alleged in the response.

In the case of Hurst v. Pitman, 90 Okl.Cr. 329, 213 P.2d 877, 878, it was held:

"A prisoner in federal penitentiary located in another state which seeks dismissal of certain criminal prosecutions filed before a Justice of Peace court for alleged failure to grant him a speedy trial, is not entitled to mandamus to compel the dismissal of such prosecution pending against him before a Justice of the Peace sitting as a committing magistrate, where the warrants of arrest issued on three complaints filed before said justice of the peace have never been served on the accused, and he has never been brought within the jurisdiction of the Justice of Peace court; the Justice of the Peace in such case could not set the cases for trial until he had acquired jurisdiction of the person of the defendant."

In the opinion it was stated:

"The Justice of the Peace is not authorized nor required to set a date for the preliminary examination of one accused of crime until after the accused has been arrested and brought before the committing magistrate for arraignment upon the complaint filed against him.

"The petitioner evidently rests his case upon the Oklahoma constitutional provisions which state that 'right and justice shall be administered without sale, denial, delay, or prejudice', Article 2, Section 6, and further 'in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed.' Article 2, Section 20.

"Petitioner cannot be tried upon the question of his guilt or innocence of the felony charges filed against him until after he has had or waived a preliminary examination, and been ordered held to await trial in the District

Court. It is not possible to give him a preliminary examination until after he has been arrested and brought before the committing magistrate. When one accused of a felony is brought before a committing magistrate upon a warrant of arrest, he may do one of two things: He may demand a preliminary examination, or he may waive it."

In Inverarity v. Zumwalt, Okl.Cr., 279 P.2d 372, 375, this court stated:

"Jurisdiction of the person must exist before a justice of the peace court can conduct a preliminary hearing. Otherwise it would be acting contrary to law. We know of no statute which would authorize the justice of the peace to obtain the petitioner's release from the penitentiary, as a means of obtaining jurisdiction of his person, for the purpose of giving him a preliminary hearing. In the absence of such authority under the law, a justice of the peace cannot so act. But, where all the jurisdictional requisites are present and the justice of the peace court refuses to act in the matter of a preliminary hearing, then the remedy would be by writ of mandamus. People v. Barnes, 66 Cal. 594, 6 P. 698. If a justice of the peace court attempted to act in the matter of conducting a preliminary hearing without having acquired jurisdiction of the person such action would be unlawful for want of jurisdiction. Thus in the case at bar, the petitioner is in the anomalous position of attempting to force Justice of the Peace Zumwalt to do that which would have been unlawful for him to do for lack of jurisdiction of the person of the defendant. In McCurdy v. State, 39 Okl.Cr. 310, 264 P. 925, 927, it was held:

" 'An investigation by a grand jury or a preliminary examination by a magistrate is not a trial, * * *.'

State v. Harris, 44 Okl.Cr. 116, 279 P. 925; Taylor v. State, Okl.Cr., 247 P.2d 749; 22 C.J.S., Criminal Law, § 331, p.

483. The foregoing authorities hold a preliminary hearing as analogous to a grand jury proceeding; then it naturally follows the provisions of Article 2, § 20, Oklahoma Constitution, in regard to a speedy trial will not be applicable to the same, in the absence of the necessary jurisdictional requisites. Hence it logically follows that a prospective defendant cannot demand a speedy preliminary hearing until the justice of the peace court has acquired jurisdiction of the person of accused, whereupon he is then entitled to be arraigned and his right to bail determined."

Writ denied.

BRETT and POWELL, JJ., concur.