**David WHITE, Petitioner,**

v.

**F. C. BROWN, Justice of the Peace, and the County Attorney, Tillman County, Oklahoma, Respondents.**

**No. A–12830.**

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1960.

David White, pro se.

Mac Q. Williamson, Atty. Gen., Amos Stovall, Co. Atty., Tillman County, Frederick, for respondents.

POWELL, Presiding Judge.

David White, No. 142540, an inmate of the Texas State Penitentiary, at Huntsville, Texas, seeks a writ of mandamus from this Court to compel F. C. Brown, justice of the peace in and for Tillman County, Oklahoma, at Frederick, to dismiss a preliminary information or complaint filed in that court on October 1, 1956, wherein said petitioner is charged with the crime of larceny of an automobile, a felony.

For grounds for the writ it is alleged that the County Attorney and the Sheriff of Tillman County at the time the charge was filed knew the whereabouts of petitioner and took no steps to apprehend him. Further, that since petitioner's incarceration in the Texas institution, the Oklahoma authorities have had knowledge of petitioner's domicile, but have made no effort to extradite him or obtain permission

from the Texas authorities for his temporary release to Oklahoma for prosecution of the felony charge pending before the examining magistrate named.

██ Lastly, petitioner points out that the Oklahoma authorities by reason of the pending felony charge placed a hold order with the Texas authorities, which has had the effect of preventing petitioner from receiving any consideration of clemency from the Pardon and Parole Board of Texas, and prevents him from becoming an approved trusty and earning additional overtime, and thereby effecting a speedier release from his present confinement. Petitioner insists that by reason of the matters alleged he has been denied a speedy trial as guaranteed to him by the Federal Constitution, amendments 5 and 6.[1]

The Constitution of the State of Oklahoma contains a provision similar to the Federal provision, Art. 2, § 20, and also a state statute, 22 O.S.1951 § 13 provides for a speedy trial for one charged with a crime.

██ The question to be determined is whether under the allegations petitioner has been denied a speedy trial. We may not here consider the facts of the theft, attempted by petitioner to be raised. Such would be for consideration if and when the matter would come before the district court of Tillman County.

The respondents have filed response, attaching a certified copy of the preliminary information filed October 1, 1956, a copy of the warrant for petitioner's arrest issued on the same day, affidavit by Howard M. McBee, who was an assistant county attorney of Tillman County at the time the complaint was filed and who handled the matter, and whose investigation disclosed that petitioner departed Tillman County on September 15, 1956. Also the sheriff of Tillman County, who received the warrant for petitioner's arrest has filed

affidavit to the effect that on receipt of warrant he immediately tried to locate petitioner, and made several telephone calls to the officers at points in Texas, and attached to his affidavit copies of letters written to the sheriff at Tulia, Texas, at Plainview, Texas, and at Portales, New Mexico.

 The principle of law involved in this case has received the consideration of this Court a number of times. See Bonsor v. District Court of Cimarron County, Okl.Cr., 303 P.2d 471, where this Court said:

"A committing magistrate is not authorized nor required to set a date for the preliminary examination of one accused of crime, until after the accused has been arrested and brought before the committing magistrate for arraignment upon complaint filed against him.

"A prisoner in penitentiary located in another state who seeks dismissal of a certain criminal prosecution filed before a committing magistrate for alleged failure to grant him a speedy trial, is not entitled to mandamus to compel the dismissal of such prosecution pending against him before a committing magistrate, where the warrant of arrest has never been served on the accused, and he has never been brought within the jurisdiction of the committing magistrate; the committing magistrate in such case could not set the case for trial until he had acquired jurisdiction of the person of the defendant."

See also Thacker v. Marshall, Okl.Cr., 331 P.2d 488; Hart v. United States, 6 Cir., 183 F. 368; State v. Swain, 147 Or. 207, 31 P.2d 745, 32 P.2d 773, 93 A.L.R. 921; 14 Am.Jur., § 137, which cases may be referred to for reasons supporting the rule.

1. The Sixth Amendment to the Federal Constitution guaranteeing an accused the right to a speedy and public trial, has no application to proceedings in state courts. Maxwell v. Dow, 176 U.S. 581, 20 S.Ct. 448, 44 L.Ed. 597, 599; State v. Swain, 147 Or. 207, 31 P.2d 745, 32 P.2d 773, 93 A.L.R. 921.

Of interest is a late case from the Supreme Court of the United States, Hoag v. State of New Jersey, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913, where that Court among other things held that defendant in a state prosecution for armed robbery would not be deemed to have been deprived of due process on ground he was denied a speedy trial, even though he was tried in 1954 for an offense which occurred in 1950, in view of the fact that a substantial portion of the time elapsing prior to his trial on such indictment could be accounted for by his incarceration in another state. Discussed was U.S.C.A.Const. Amendments 5 and 14.

Writ denied.

NIX and BRETT, JJ., concur.