Fred F. DAVIDSON, Petitioner,

v.

Robert D. SIMMS, County Attorney of Tulsa County, Oklahoma, Respondent.

No. A-12865.

Court of Criminal Appeals of Oklahoma.

Nov. 2, 1960.

Fred F. Davidson, pro se.

Robert D. Simms, County Atty., Tulsa County, and Ted Flanagan, Asst. Co. Atty., Tulsa County, Tulsa, for respondent.

POWELL, Presiding Judge.

Fred F. Davidson, petitioner, is presently confined in the Federal Penitentiary at Leavenworth, Kansas. Robert D. Simms,

county attorney of Tulsa County, Oklahoma, has recently placed a detainer or "hold" order with the Warden of the Federal Penitentiary, which detainer deprives the prisoner of certain privileges. He seeks by writ of mandamus to be brought to immediate trial in Tulsa County, Oklahoma, or in the alternative that the case against him there be dismissed.

Upon the filing of the petition in question, we issued a rule to show cause directed to the respondent county attorney, and thereafter he filed a response. Therein it is stated that on February 20, 1959 a preliminary information was filed in the court of common pleas of Tulsa County, in case No. 118472, charging petitioner with a felony, to-wit: Larceny of an automobile. That a warrant was issued which to date the sheriff has been unable to serve, due to the defendant being beyond the jurisdiction of the State of Oklahoma, in that defendant, petitioner here, is in the Federal Penitentiary at Leavenworth, Kansas, serving out a Federal sentence.

The respondent contends that he is entitled to wait until petitioner has satisfied his Federal sentence, at which time he would be entitled to have an officer take custody of petitioner for transportation to Tulsa County for trial. Cited is the case of Hurst v. Pitman, 90 Okl.Cr. 329, 213 P.2d 877, 878, wherein it was held:

"Although no appeal will lie directly from a judgment of the Justice of the Peace court to the Criminal Court of Appeals, where said Justice of the Peace court sits as a committing magistrate for the purpose of holding a preliminary examination for one accused of a felony, the proceedings before such magistrate may be reduced to writing and filed with a transcript in the district court, and any error in such proceedings may later be presented to the Criminal Court of Appeals for review in case of a conviction in the district court. For that reason, in a proper case, mandamus may lie from the Criminal Court of Appeals to

a justice of the peace court sitting as a committing magistrate, and the issuance of such writ would be in aid of its exclusive appellate jurisdiction in criminal cases."

Also cited are the cases of Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815; Bonsor v. District Court of Cimarron Co., Okl. Cr., 303 P.2d 471; White v. Brown, Justice of the Peace, Okl.Cr., 349 P.2d 509.

Petitioner has filed a reply to the response of the respondent in which he points out that there is a Federal correctional institution located at El Reno, Oklahoma, and he further alleges that the petitioner could, upon request to the United States Attorney General by the respondent, be made available to the State of Oklahoma in that a Federal transfer could be affected to aid the State of Oklahoma to prosecute the case now pending before the judge of the court of common pleas of Tulsa County, acting as an examining magistrate, warrant No. 118472.

The argument presented is that it is the policy of the Federal authorities to cooperate with State authorities even though the state might have no right to demand the prisoner as a matter of right, the same resting entirely within the discretion of the United States.

Petitioner further states that the conduct of the respondent violates his rights under the Sixth Amendment to the Constitution of the United States, guaranteeing to him a speedy trial, and that the cases cited by the respondent are therefore not applicable.

Following the filing of the reply by petitioner, the presiding judge of this Court talked with the respondent about requesting the Attorney General of the United States to have petitioner transferred to Oklahoma for trial on the charge pending against him in Tulsa County. Respondent agreed to look into the matter. Later on we wrote respondent, but have received no reply.

While actions against persons where evidence is at hand showing them guilty of crimes must be filed and warrants issued

to prevent the case, other than for murder, embezzlement of public moneys, or falsification of public records, from becoming barred by the running of the statute of limitations (22 O.S.1951 §§ 151, 152), it should always be the policy of public prosecutors, county attorneys in Oklahoma, to process each case as speedily as may be. Delay may find witnesses for both the State and the accused either deceased or departed for places unknown, or if present, with memories dimmed by passage of time.

■ As we pointed out in White v. Brown, supra, with citation of both Federal and state authorities, the Sixth Amendment to the Federal constitution guaranteeing accused the right to a speedy and public trial has no application to state courts.

The constitution of the State of Oklahoma, however, contains a provision similar to the Federal constitution, Art. 2, § 20, and also a state statute, 22 O.S.1951 § 13, provides for a speedy trial for one charged with crime. The interpretation of such provisions would be by the Oklahoma appellate courts in proper actions, and would be binding on the parties.

■ Apparently the respondent for some reason has never tried or never been able to get petitioner transferred to the State of Oklahoma and in his custody for purposes of trial. Therefore, the rule in the Hurst case, supra, would apply. The reasons for the rule are elaborated on in the Traxler case, supra.

For the county attorneys of this State to request the transfer of prisoners with unexpired terms in various Federal prisons throughout the United States to this State for purpose of trial in a state court on a state charge would involve a great expense. The prisoner presumably would be returned to the prison in the state from which he would be taken. We have no information as to who would bear the expense or the possible Federal policy with respect to such matters.

■ If the prisoner was in a Federal prison in Oklahoma, precedent has been es-

tablished for the means and manner of obtaining possession of prisoner for trial. See State ex rel. Short Attorney General v. White, 39 Okl.Cr. 242, 264 P. 647. In paragraph two of the syllabus this Court said:

"A prisoner, with the consent of the Attorney General, may, while serving a sentence imposed by a District Court of the United States, be lawfully taken on a writ of habeas corpus ad prosequendum into a state court, and there put to trial upon an accusation there pending against him, although there is no express statutory authority for the transfer of a federal prisoner to a state court for such purpose. The Attorney General in such matters represents the United States, and may, on its part, practice the comity which the harmonious and effective operation of both systems of courts requires, provided it does not prevent enforcement of the sentence of the federal courts or endanger the prisoners. Ponzi v. Fessenden et al, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879."

■ If in fact the petitioner in the within case or any other Federal prisoner with state charges pending against him in the court of an examining magistrate, or in a district court, would be transferred to a jail or prison within the State of Oklahoma, the county attorney of the county where the State charge was pending would be in position to file a writ of habeas corpus ad prosequendum to get custody of prisoner for purposes of trial. On the other hand, the prisoner could apply for such a writ to the district court in the county where the case would be pending. Petitioner would be entitled to a speedy trial or to have the charges dismissed.

The principle of law involved has been developed in the following cases: Thacker v. Marshall, Okl.Cr., 331 P.2d 488; Jennings v. Raines, Warden, Okl.Cr., 353 P.2d 147; In re Application of Graham, Okl.,

356 P.2d 110; Cane v. Berry, Okl., 356 P.2d 374.

For the reasons given, the present action for a writ of mandamus must be and is denied.

NIX and BRETT, JJ., concur.