Charles J. AUTEN, Petitioner,

v.

The STATE of Oklahoma, and Ottawa County District Court, and Robert S. Gee, County Attorney, Ottawa County, Respondents.

No. A–13286.

Court of Criminal Appeals of Oklahoma.

Dec. 5, 1962.

Charles J. Auten, petitioner, pro se.

Robert S. Gee, County Atty., Ottawa County, Miami, for respondents.

BRETT, Judge.

Charles J. Auten, petitioner, is presently confined in the Federal Penitentiary at Leavenworth, Kansas. He has filed petition for a writ of mandamus, and therein alleges that the sheriff of Ottawa County, Oklahoma, has lodged a detainer or, "hold order" for him with the Warden of such penitentiary. Petitioner seeks by writ of mandamus to be brought to immediate trial in Ottawa County, Oklahoma, or, in the alternative to have the case against him there dismissed.

The County Attorney of Ottawa County has filed a response to such petition. Therein it is admitted that on August 5, 1960 a complaint was filed before George G. Russell, county judge of Ottawa County, Oklahoma, sitting as an examining magistrate; in case No. 3462, charging the petitioner herein with the crime of assault with a deadly and dangerous weapon, and that a warrant was issued thereon, which warrant has never been served, due to the defendant being beyond the jurisdiction of the State of Oklahoma, in that the defendant, petitioner here, is in the Federal Penitentiary at Leavenworth, Kansas, serving out a federal sentence.

The petitioner has filed a reply to the response of the county attorney of Ottawa County, in which he admits that he has never been arrested and brought before the examining magistrate in Ottawa County.

The principle of law involved in this case has received the consideration of this court a number of times. See Hurst v. Pitman, 90 Okl.Cr. 329, 213 P.2d 877; Bonsor v. District Court of Cimarron County, Okl. Cr., 303 P.2d 471; White v. Brown, Okl. Cr., 349 P.2d 509; Davidson v. Simms, Co. Atty., Okl.Cr., 356 P.2d 779.

In the case of Hurst v. Pitman, supra, it was said:

"A prisoner in federal penitentiary located in another state which seeks dismissal of certain criminal prosecutions filed before a Justice of the Peace court for alleged failure to grant him a speedy trial, is not entitled to mandamus to compel the dismissal of such prosecution pending against him before a Justice of the Peace sitting as a committing magistrate, where the warrants of arrest issued on three complaints filed before said Justice of the Peace have never been served on the accused, and he has never been brought within the jurisdiction of the Justice of the Peace court; the Justice of the Peace in such case could not set the cases for trial until he had acquired jurisdiction of the person of the defendant."

It also appears that the defendant sought relief for speedy trial by application for writ ad prosequendum, with the district court of Ottawa County, Oklahoma, which petition was denied, apparently because the petitioner did not provide the necessary funds for his return to Oklahoma and back to the federal penitentiary.

In the case of In re Application of Melton, Okl.Cr., 342 P.2d 571, it was held such is a prerequisite for writ ad prosequendum for one held in a federal prison or other penitentiary outside of Oklahoma.

 Under these circumstances, the petition must be denied, on authority of Hereden v. State, Okl.Cr., 369 P.2d 478, where this court said:

"However should the petitioner seek relief by way of habeas corpus ad prosequendum, he must tender sufficient money to defray the expense involved in transporting his person from the Federal Penitentiary at Leavenworth, Kansas, to the place where the hearing on such application is to be held and back to the Federal Penitentiary at Leavenworth, for as the Court stated in Application of Melton for Writ of Mandamus, Okl.Cr., 342 P.2d 571:

" 'The state is not required to assume the additional burden of cost incident to affording a speedy trial, i. e., in returning an accused to the state, who, on his own volition placed himself beyond the jurisdiction of the state and in the custody of the Federal Government. The costs incident to returning the accused from Leavenworth, Kansas, after the completion of his sentence and in response to the hold order are just and reasonable, but to require the additional burden of a round trip excursion into Oklahoma under the conditions herewith presented would be an unjust burden on the state. The state is in no way responsible for the accused's predicament and is in no manner required to extend the hand of charity to him.'

"For the reasons herein set forth, the Writ of Mandamus is denied and the action is dismissed."

It follows that the application of the petitioner for writ of mandamus must be, and the same is denied.

NIX, P. J., and BUSSEY, J., concur.