Marvin C. HEAD, Petitioner,

v.

The STATE of Oklahoma, and The Sheriff of Stephens County, Oklahoma, et al., Respondents.

No. A–13439.

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1964.

Marvin C. Head, pro se.

Clinton D. Dennis, Stephens County Atty., for respondents.

BUSSEY, Judge.

Original proceedings in Mandamus by Marvin C. Head, who is incarcerated in the Texas State Penitentiary, under inmate No. 160859, seeking to compel the authorities of Stephens County, Oklahoma to grant him a preliminary hearing on certain charges pending there against him in Case No. 19577; or to require the dismissal of such charges.

In response to this application for Mandamus, Mr. Clinton D. Dennis, counsel for respondent and the duly elected and qualified County Attorney in and for Stephens County, Oklahoma, admits that there is filed against the petitioner a preliminary complaint, charging said petitioner with the crime of Obtaining Merchandise by Means and Use of a False and Bogus Check, and that a warrant has been issued for said petitioner, and the same has not and cannot be served upon the petitioner within the State of Oklahoma since said petitioner is a prisoner in and an inmate of the Texas State Penitentiary at Huntsville, Texas.

In Davidson v. Simms, this Court said:
"A prisoner in Federal penitentiary located in another state who seeks dismissal of a certain prosecution filed before a judge of a court of common pleas of Oklahoma, acting as an examining magistrate, on ground of alleged failure to grant him a speedy trial, is not entitled to mandamus to compel the dismissal of such prosecution pending against him where the warrant of arrest has never been served on the accused, and accused has never been brought within the jurisdiction of the court; the judge of the court of common pleas in such case could not set the case for trial until he had acquired jurisdiction of the person of the defendant." Okl.Cr., 356 P.2d 779.

Since petitioner is incarcerated in a Penal Institution outside of the jurisdiction of the Oklahoma Courts, it is immaterial whether he is confined by Federal Authorities or the authority of a Sister State, and he is not entitled to the relief prayed for.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.