Rex ANGEL, pro se, Petitioner,

v.

The STATE of Oklahoma and the District Court of Bryan County, Oklahoma, Respondents.

No. A–13590.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1964.

Rex Angel, pro se.

Charles Nesbitt, Atty. Gen., R. H. Mills, Bryan County Atty., for respondents.

NIX, Judge.

This is an original proceedings filed by the petitioner, Rex Angel, seeking a Writ of Mandamus directed to the District Court of Bryan County, Oklahoma. Petitioner is now incarcerated in the Idaho State Penitentiary, where there is a warrant on file from Bryan County in case #4470. Said warrant is for commitment of petitioner to begin serving a 4 year term in Oklahoma State Penitentiary having been convicted in said cause some 5½ years ago. Petitioner seeks to be brought direct to Bryan County and held there until he can file a Motion to Vacate the Judgment and Sentence, instead of being transported direct to the Oklahoma State Penitentiary, and asks this Court to issue such an order to the District Court of Bryan County.

A brief outline of the facts and background of this case will be necessary.

On March 23, 1959, judgment and sentence was pronounced in the District Court of Bryan County for the crime of Manslaughter First Degree, and defendant gave notice of intention to appeal. Bond was posted, and defendant released pending the outcome of said appeal. Defendant left the jurisdiction of the State and this Court, and was arrested, convicted and imprisoned in the State of Missouri. Consequently, no appeal was ever filed in this Court, and upon defendants release from the Missouri Penitentiary, he was returned to the State of Oklahoma to begin serving the sentence passed in the above cause.

Defendant was inadvertently returned to the Bryan County jail, in lieu of the State Penitentiary. During this time, defendant filed a Writ of Habeas Corpus and a Supplemental Motion for New Trial in the district court, alleging grounds why his appeal was not perfected. The relief was denied, defendant was released upon bond AGAIN, and he perfected an attempted appeal and writ to this Court.

And AGAIN, defendant left the jurisdiction of the state, and this Court, and proceeded to the State of Idaho where he committed a felony, and was sentenced on January 8, 1964 to serve a term not to exceed 15 years for Burglary.

On November 6, 1963, this Court had passed on the attempted appeal and writ, dismissing the first and denying the writ. (See, Angel v. State, Okl.Cr., 386 P.2d 645.) The mandate was issued by this Court and the officials of Bryan County issued their warrant to the Idaho State Prison to secure the defendant on his release, in order that he can begin serving his sentence in this state.

This Court has held consistently that it will not ordinarily entertain a writ where the appeal has been presented to the Court, and affirmed; and the same facts were in existence at the time of the appeal.

Based on the defendant's behaviour during the 5½ years since judgment and sentence were passed, it would seem that he had sufficient time to present his Motion to Vacate Judgment and Sentence (if he were serious); and due to negligence, he did not file an appeal within time, nor his motions. He is attempting to defeat the ends of justice by filing a writ, having it

denied, posting bond; thus leaving him free to commit new crimes.

This Court is of the opinion that this proceedings is for the same purpose.

Defendant has removed himself from the jurisdiction of this Court, and any relief he may have had. This Court held, in the case of Head v. State, Okl.Cr., 388 P.2d 327:

> "Petitioner incarcerated in penal institution outside of jurisdiction of Oklahoma courts was not entitled to writ of mandamus \* \* \*."

Therefore, the Motion to Dismiss by the State is hereby Sustained, and the relief prayed for is accordingly denied.

JOHNSON, P. J., and BUSSEY, J., concur.