THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERBERT W. PETERS, Defendant.

County Court, Columbia County, January 4, 1951.

*Burns F. Barford, Jr.,* for defendant.

*John N. McLaren, District Attorney,* for plaintiff.

CONNOR, J. This is a motion made under section 8 of the Code of Criminal Procedure which reads as follows: '' In a criminal action the defendant is entitled 1. To a speedy and public trial ''. And under the further provision contained in section 668 of the Code of Criminal Procedure as follows: '' If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown.''

The defendant was indicted by the Grand Jury of Columbia County in September of 1947. Thereafter the indictment was by order of the Supreme Court removed to the County Court of the County of Columbia. At the time that the order of removal was made, the defendant was confined to a State farm in Massachusetts, having been sentenced in the Essex Superior Court at Lawrence, Massachusetts, to serve from three to five years. Thereafter a bench warrant was duly filed by the District Attorney's office of this county, and forwarded to the State farm at Massachusetts with a request that the District Attorney's office be notified previous to the expiration of his confinement. There had been previously filed with the Essex Superior Court a

warrant from the Federal court, and upon his release from the Massachusetts prison he was taken to the Federal correctional institution at Danbury, Connecticut, under a sentence of one year and a day. A bench warrant was then issued by the District Attorney's office and forwarded to the Federal correctional institution at Danbury, and in turn turned over by them to the Department of State Police of the State of Connecticut, who advised the Federal correctional institution that the defendant may be taken into custody when he was released from the Federal prison.

From the time that this indictment was found, until the present motion was made, the defendant was confined in either a State or Federal institution, all located outside of the State of New York. From time to time, during his incarceration without the State, the defendant wrote to the District Attorney's office requesting that he be brought to trial, but no formal motion was ever made before the court until the present motion was made, and his requests to the District Attorney were that a writ of habeas corpus be obtained so that he could be brought to Columbia County for trial.

A defendant is entitled to a speedy trial, and he is entitled to this trial even though he be confined in an institution. There, however, is a distinction, I believe, between a defendant confined in an institution within the State of New York, from that of a defendant confined in an institution without the State.

In the case of *People* v. *Miro* (151 Misc. 164) an indictment was filed in the Court of General Sessions of New York County on the 21st day of May, 1931, charging the defendant with perjury. An inspection of the Grand Jury minutes was allowed in June, 1931, but the defendant took no action until the March, 1934, term of court. After his indictment, Miro was convicted in the United States District Court for the Southern District of New York for a violation of the revenue act and was sentenced for a period of three years in the United States penitentiary at Atlanta, Georgia. The court in the *Miro* case stated (p. 170): " The defendant's present confinement in the United States penitentiary makes prosecution in a State court pending such imprisonment impracticable, if not impossible; and the defendant should not be allowed to take advantage of his present position in order to secure a dismissal of the indictment for lack of prosecution."

While it is a fundamental principle of law that a defendant is entitled to a speedy trial, I feel that I must concur with the

ruling in the *Miro* case (*supra*) and hold that the defendant, who has been continuously confined in prisons without the State of New York, cannot now complain that because of said confinements he was not granted a speedy trial within the State to which he could not have been brought except upon the consent of both the defendant and the confining State.

The motion to dismiss the indictment is denied.