Dye, J.
The defendant-appellant stands convicted of the crime of attempted robbery, third degree, entered on his plea of “ guilty” taken January 7, 1958 in the Court of General Sessions, New York County, to cover all counts of a second superseding indictment filed by a New York County Grand Jury under date of October 22,1957 (No. 429%-55). That indictment added one new charge and omitted three of the crimes alleged in indictment No. 429%-55, dated July 28, 1955, containing 12 counts, which indictment superseded indictment No. 429-55, dated February 4, 1955, charging 10 crimes, all growing out of an armed holdup of a restaurant and bar. An indeterminate sentence of a term of 15 years to life was imposed January 14, 1958, for the fourth felony offense.
Upon this appeal, the appellant challenges such judgment on the ground that undue delay in arraignment deprived him of the speedy trial to which he was entitled. No one questions that a defendant is entitled to a speedy trial (Code Grim. Pro., § 668; Civil Bights Law, § 12; U. S. Const., 6th Arndt.), or that the burden of proceeding promptly rests on the State and not on the defendant (People v. Prosser, 309 N. Y. 353). But, such right being personal, it may be waived by conduct on the part of the defendant indicating that he is not intent on a speedy trial, for instance, requesting a postponement or an adjournment (People v. Godwin, 2 N Y 2d 891, affg. 2 A D 2d 846), or acquiescence in a delay sought by the prosecution, or failure to make a motion before or at the trial for a dismissal by reason of such delay (People v. White, 2 N Y 2d 220).
The defendant in the case before us was indicted in February, 1955 and not arraigned until July, 1956. The District Attorney, *389 with commendable fairness, rightly acknowledged that this delay of 17 months constituted a denial of a speedy trial to which the defendant was entitled and that, if a motion had been made at the time of the arraignment, the motion would have had to be granted. However, it is argued that the right was waived by subsequent conduct on the part of the defendant and of his counsel.
Upon this record, it may not be said that the rights accruing to this defendant by reason of the undue delay were waived. The granting of the request by defendant’s counsel for a postponement to permit the making of motions for all purposes was broad enough to indicate that any rights enjoyed by the defendant then existing were being preserved and protected. When the motion to dismiss for undue delay was made, even though subsequent in point of time to motions addressed to the indictment, it should have been granted, absent any showing of good cause to the contrary by the prosecutor (Code Crim. Pro., § 668). Here there was no such showing. The fact that defendant, who had been taken into custody January 18, 1955, a date prior to the indictment, was being held in the Federal detention headquarters, New York County, awaiting disposition of certain Federal charges, affords neither explanation nor excuse, since he could have been produced in the State court upon request, provided only that he was returned to Federal custody (U. S. Code, tit. 18, § 4085).
The judgment should be reversed and the indictment dismissed.
Froessel, J.