Thomas W. ALEXANDER, Plaintiff-Appellant,

v.

BUCKEYE CELLULOSE CORPORATION, Defendant-Appellee.

No. 13943.

United States Court of Appeals
Sixth Circuit.

July 18, 1960.

---

Jac Chambliss, Chambliss, Chambliss & Hodge, Chattanooga, Tenn., for appellant.

Wm. D. Spears, Chattanooga, Tenn. (Spears, Moore, Rebman & Williams, Chattanooga, Tenn., and Dinsmore, Shohl, Dinsmore & Todd, Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, Senior Circuit Judge, POPE, Circuit Judge, and KENT, District Judge.

KENT, District Judge.

This is an appeal from the entry of a summary judgment for the defendant by the District Court.

The plaintiff was employed by the Buckeye Cotton Oil Company and performed services which terminated prior to February, 1952. This suit was instituted to recover payment for such services. The suit was commenced on January 31, 1958, by the filing of a complaint in the United States District Court for the Eastern District of Tennessee. The defendant company was merged with the Buckeye Cotton Oil Company by an agreement of merger dated October 28, 1955. Both corporations were organized under the laws of the State of Ohio. The defendant relies upon the three year statute of limitations applicable to such actions as this, under the laws of the State of Florida, and also upon Section 28–114, Tennessee Code Annotated, which provides:

> "Where the statute of limitations of another state or government has created a bar to an action upon a cause accruing therein, while the party to be charged was a resident in such state or such government, the bar is equally effectual in this state."

The District Court held that under the above provision of the Tennessee Code plaintiff's cause of action was barred, the cause of action having accrued in Florida, and applied the Florida three year statute of limitations, F.S.A. § 95.11(5), and entered summary judgment for the defendant.

Plaintiff contends that the merger agreement between the Buckeye Cotton Oil Company and the Buckeye Cellulose Corporation, which required Buckeye Cellulose Corporation to assume all the liabilities and obligations of the Buckeye Cotton Oil Company was a new promise which obligated the Buckeye Cellulose Corporation to pay the debts of the Buckeye Cotton Oil Company even though the right to recover for such debts may have been previously barred by the applicable statute of limitations.

At the time of the arguments in this Court, plaintiff's counsel conceded that the District Judge was correct in concluding that plaintiff's cause of action was barred by the Florida statute of limitations, and the Tennessee statute set forth above, unless such cause of action was "revived" by the merger agreement.

There have been some instances in which a merger prior to the running of the limitations period has been held to toll the statute of limitations on the basis that a new promise to pay has been

found.  Mitchell v. Liberty Clay Products Co., 291 Pa. 282, 139 A. 853.

The only case in which a problem similar to the present problem was found was Board of Commissioners of Caddo Levee Dist. v. Pure Oil Co., 1929, 167 La. 801, 120 So. 373, which reached the same result as the District Court in this case.  The finding of a new promise to pay which would start the statute of limitations running again must necessarily be dependent upon the intent of the parties.  Even the plaintiff in this case does not contend that the parties to the merger intended that the resultant corporation should be responsible for any debts except those for which the prior companies were legally liable.

This Court is in complete accord with the conclusions reached by District Judge Darr, that the merger agreement required the Buckeye Cellulose Corporation to pay only those obligations of its predecessors which were legally enforceable at the time of the merger.

The judgment of the District Judge is affirmed.