In Re the Petition of ROBERT WARD NORMAN.

(*September* 27, 1962.)

SOUTHERLAND, C. J. and WOLCOTT and TERRY, J. J., sitting.

110

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for petitioner Robert Ward Norman.

*E. Norman Veasey*, Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 32, 1962.

SOUTHERLAND, C. J.:

The facts of this case are fully stated in a previous opinion of this Court. See *Norman v. State*, Del., 177 A. 2d 347. For our present purpose the important facts and the question presented may be put as follows:

Petitioner Norman was convicted of a federal crime in 1956 and is now serving a sentence in a federal prison. In March, 1956 he was indicted in Delaware for robbery and other crimes. He demands a speedy trial, and seeks a writ of *habeas ad prosequendum*. If the writ is served on the United States Marshal, it will be honored by the Department of Justice, provided that the State meets certain conditions. The State is unwilling to meet these conditions.

The trial court denied the petition and Norman appeals.

Has he been deprived of his constitutional right to a speedy trial?

The right to a speedy trial, guaranteed by our bill of rights (Art. 1, § 7), *Del. C.*, is necessarily relative; it is consistent with delay and depends on circumstances. Ordinarily, if the delay is not attributable to the State, the defendant's right is not violated. A *fortiori* delay attributable to the defendant cannot be made the ground for a claim that he has not been given a speedy trial. *Garner v. State*, 1 Storey (51 Del.) 301, 145 A. 2d 68, 75.

In the instant case the delay in bringing the defendant to trial is directly caused by his own act, *i.e.*, the commission of a federal crime and his consequent conviction and incarceration. While there is some authority to the contrary. the majority rule, and we think the correct rule, is that delay attributable to such a cause does not entitle the accused to a discharge from the State indictment. See the following cases: *Ex parte Schechtel*, 103 Colo. 77, 82 P. 2d 762, 118 A. L. R. 1032. *McCary v. State of Kansas* (C. C. A. 10), 281 F. 2d 185; *Application of Melton*, Okl. Cr., 342 P. 2d 571; *Lee v. State*, 185 Ark. 253, 47 S. W. 2d 11. See also *Kirby v. State*, 222 Md. 421, 160 A. 2d 786, and *Raine v. State* 143 Tenn. 168, 226 S. W. 189.

This rule applies, even though the federal government as a matter of comity may offer to make the prisoner available for trial under the State indictment. See the cases first above cited. In the *Schechtel* case the court said that the State authorities could not be charged with delay "unless, during the term of petitioner's federal sentence, an unqualified and absolute right reposed in the Colorado authorities to require the United States to permit the presence of the petitioner for trial before the Colorado court." 118 A. L. R. 1036. Of course no such right exists. *Ponzi v. Fessenden*, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607.

In the *McCary* case the court approved the rule above stated and said:

"The reason for the rule is that he [the prisoner] is in custody in the federal penal institution because of his own wrong-doing and is beyond the custody and control of the state court, even though the federal government might grant the request of the state for custody of the defendant for the purpose of trial on the state charge." 281 F. 2d 187.

A further point should be mentioned. There was some discussion at the argument whether the issuance of the re-

quested writ should be denied on the ground that it would be a futile thing, since the State is unwilling to meet the government's conditions, and the court cannot review the Attoney General's decision in the matter. But the trial judge did not pass on this point, preferring to deal with the merits; and we do likewise.

The possible loss of testimony favorable to petitioner is suggested as one reason why he is now entitled to relief. The State says the petitioner may preserve testimony under Rule 15(a) of the Rules of Criminal Procedure, *Del. C.*, and petitioner replies that this is an inadequate remedy. In any event, we think the argument premature. If and when the petitioner is brought to trial here, it will be time enough to raise the question whether the delay that will then have occurred will have prejudiced petitioner's case. In our opinion, he is not entitled now to any relief.

The judgment below is affirmed.