LYNWOOD L. CUNNINGHAM, Appellant, v. STATE OF DELAWARE, Appellee.

*(October* 22, 1962.)

WOLCOTT, Justice, and STOREY, and WRIGHT, J. J., sitting.

*Joseph H. Geoghegan* (of Berl, Potter and Anderson) for appellant.

*W. Laird Stabler, Jr.,* Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 39, 1962.

WOLCOTT, J.:

This is an appeal from a conviction of robbery in the Superior Court of New Castle County. The appeal seeks review of two interlocutory orders of the Superior Court denying motions to dismiss the indictment on the ground that a speedy trial had been denied the prisoner in violation of Article I, § 7 of the Delaware Constitution, *Del. C.* No contention is made in the appeal that the prisoner was unjustly convicted, or that he was not guilty of the crime charged.

The facts important to the question before us may be briefly stated. On July 23, 1958 the prisoner committed an armed robbery in New Castle County. Shortly thereafter, he went to Michigan where, on August 1, 1958, he committed an armed robbery. On August 12, 1958 he plead guilty to that crime in Michigan and was sentenced to a term of 12 to 25 years in a Michigan prison. On August 22, 1958, a Delaware detainer for the prisoner on a charge of armed robbery was filed with the Michigan prison authorities. On January 26, 1959 the prisoner was indicted in Delaware for armed robbery. On August 9, 1961 the prisoner wrote the Delaware Attorney General requesting information as to this charge. A copy of the indictment was forwarded to him on August 14, 1961. On August 21, 1961 the prisoner, while still in jail in Michigan, filed a motion in New Castle County for a speedy trial. On September 28, 1961 the Michigan authorities released the prisoner to the custody of the Delaware authorities.

In Delaware counsel was appointed for the prisoner who, on October 6, 1961, filed in his behalf a motion to dismiss the indictment for failure to provide a speedy trial. This motion was denied on February 1, 1962, and on April 4, 1962 the prisoner went to trial, was convicted and sentenced to a term of four years commencing on September 29, 1961, the date he was first taken into custody in Delaware.

On these facts the prisoner now asks us to void

his conviction on the ground that Delaware has violated his constitutionally guaranteed right to a speedy trial. We decline to do so on the authority of *In re Norman*, Del., 184 A. 2d 601, decided on September 27, 1962, in which case we held that the right to a speedy trial guaranteed by our Constitution is necessarily relative, is consistent with delays, and depends on circumstances. The right is not violated if the delay charged is not caused by the State. We further held in that case that if the delay in trial is caused by the commission by the prisoner of a crime in another jurisdiction, and the conviction and imprisonment therefor, that such delay is directly caused by the prisoner's own act. Under such circumstances the State has not violated his right to a speedy trial absent the unqualified right of Delaware to require the other jurisdiction to deliver the prisoner to Delaware for trial.

There is, of course, no such right possessed by Delaware in the case at bar. We are, accordingly, of the opinion that this appeal is directly controlled by our former ruling.

The rulings below are affirmed.