STATE v. JERRY ALVIN HALL. *

123 N. W. (2d) 116.

July 3, 1963—No. 38,803.

*Jerry Alvin Hall,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, *George M. Scott,* County Attorney, and *Per M. Larson,* First Assistant County Attorney, for respondent.

MURPHY, JUSTICE.

This case is before us on appeal from an order denying the defendant's motion for an immediate trial or in the alternative to discharge the warrant for his arrest. The defendant who is now confined in a Federal penitentiary in Washington complains that Minnesota prosecuting authorities deny his constitutional right to a speedy trial by failure to institute removal proceedings which will bring him to Minnesota for prosecution on a charge pending here. Although the order before us is probably not appealable, we treat it, because of the nature of the relief sought, as a petition for a writ of mandamus directing the District Court of Hennepin County to give the defendant an immediate trial or in the alternative to dismiss the proceedings.

From the record it appears that on August 29, 1960, a complaint was

_____

*Certiorari denied by U. S. Supreme Court January 6, 1964.

filed in the municipal court of Minneapolis, Hennepin County, charging the defendant with having committed the offense of second-degree forgery. At that time the defendant was in custody of the police at Santa Barbara, California. Upon learning of his whereabouts the Minneapolis Police Department contacted the authorities at Santa Barbara and were informed that the defendant was wanted by the F. B.I. at Phoenix, Arizona, and Bakersfield, California, for prosecution. The Minneapolis Police Department was informed by Santa Barbara authorities on November 9, 1960, that the Minnesota warrant "will be placed as a hold." It appears, however that other jurisdictions had prior claims to the defendant. On March 20, 1961, Minnesota authorities were advised by the sheriff of Los Angeles County, California, that the defendant was being held there on a charge of issuing bad checks. Subsequently, he was prosecuted for a Federal offense and confined in the United States Penitentiary at McNeil Island in the State of Washington.

The proceedings before us were instituted by the defendant on October 4, 1961. He represents that he is incarcerated in a Federal penal institution in the State of Washington under sentence which will not expire until December 1964; that he is ready to proceed to trial on the charge filed in Minnesota; that unless he is given an immediate trial he will be denied due process of law; and that delay in the trial will prevent him from having access to defense witnesses. He further represents that the Federal Director of the Bureau of Prisons will consent to his removal to Minnesota for trial on the charge pending here.

There is no showing in the record that there has been any delay on the part of the prosecuting authorities of Minnesota in the apprehension and prosecution of the defendant. The reason he has not been brought to trial here is that he has placed himself beyond the jurisdiction of the courts of this state. The issue raised by the defendant was presented to this court in State v. Larkin, 256 Minn. 314, 98 N. W. (2d) 70, where we said:

"The defendant, who, prior to being arrested and tried, made his trial impossible by absenting himself from this state and engaging in other crimes which resulted in his sentence to and confinement in a

Federal prison, is not deprived of his constitutional right to a speedy trial if that trial is not held until after he is released from Federal custody."

The foregoing reasoning has been followed in other jurisdictions.[1] It is in accord with the general rule which is well stated in McCary v. State of Kansas (10 Cir.) 281 F. (2d) 185, 187,[2] where it was said:

"It is well settled that the failure of a state to bring a defendant to trial on a state charge during the period of his confinement in a federal penal institution on a federal charge will not support a claim of denial of a speedy trial by the state court. The reason for the rule is that he is in custody in the federal penal institution because of his own wrongdoing and is beyond the custody and control of the state court, even though the federal government might grant the request of the state for custody of the defendant for the purpose of trial on the state charge."

It may be further noted that the defendant by his motion asserts that he "cannot safely and fairly go to trial without witnesses for his defense and will not have due process of law if he is deprived of his defense witnesses by reason of the State's delay in bringing him to trial." There is no showing concerning who the defense witnesses are, what their testimony will be, or the circumstances which might prevent their attendance at trial at a later date. If at trial the defendant were able to establish that the delay has resulted in prejudice to his defense, that issue may then be considered and determined on the basis of facts and circumstances which might bear upon a denial of the defendant's constitutional right to a speedy trial. We cannot pass upon that issue until it is properly before us.[3]

---

[1] 22A C. J. S., Criminal Law, § 472, note 76.5.

[2] A motion for leave to file a petition for a writ of habeas corpus was denied by the United States Supreme Court in McCary v. Hand, 368 U. S. 807, 82 S. Ct. 118, 7 L. ed. (2d) 68, rehearing denied, 368 U. S. 922, 82 S. Ct. 245, 7 L. ed. (2d) 138.

[3] It appears from recent decisions of the United States Supreme Court that a defendant may raise his objection to denial of his constitutional right to speedy trial at any time during trial, appeal, and presumably by post-conviction procedures thereafter. In Sanders v. United States, 373 U. S. 1,

Under the circumstances we agree with the trial court that the Minnesota authorities are not under obligation to institute proceedings to remove the defendant to this state for trial at the present time. The order denying the petitioner's claim for relief must be accordingly affirmed.

Affirmed.

8, 83 S. Ct. 1068, 1073, 10 L. ed. (2d) 148, 157, it was said: "Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." See, also, Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837; Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; Draper v. Washington, 372 U. S. 487, 83 S. Ct. 774, 9 L. ed. (2d) 899; Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. ed. (2d) 811; Lane v. Brown, 372 U. S. 477, 83 S. Ct. 768, 9 L. ed. (2d) 892; and Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799.