167 So.2d 166

Marvin FORD

v.

PRESIDING JUDGE, TWENTIETH JUDICIAL CIRCUIT.

4 Div. 205.

Supreme Court of Alabama.

Aug. 27, 1964.

Marvin Ford, pro se.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for respondent.

84

MERRILL, Justice.

Petitioner seeks a peremptory writ of mandamus from this court ordering the Circuit Court of Houston County to either bring the petitioner to trial or to cancel or drop the detainer placed against him with the Warden of the Federal Penitentiary at Atlanta, Georgia.

Petitioner alleges that he is in the Federal Penitentiary at Atlanta; that a detainer has been placed against him by the Sheriff of Houston County, Alabama, on three charges of forgery in that county; that he has filed a writ of habeas corpus ad prosequendum with the Circuit Court of Houston County; that the writ has not been answered, and he prays that this court will order the circuit court "to bring movant to trial, or detainer against movant be dropped."

The petition for mandamus must be dismissed. It has been held many times that no constitutional right to a speedy trial is denied by a state court, when the delay in trial is because the accused is in a federal prison. Kirby v. State, 222 Md. 421, 160 A.2d 786, and cases there cited. See also Accardo v. State, 39 Ala.App. 453, 102 So.2d 913. The rule and the reason therefor is stated in McCary v. Kansas, 10th Cir., 281 F.2d 185:

"It is well settled that the failure of a state to bring a defendant to trial on a state charge during the period of his confinement in a federal penal institution on a federal charge will not support a claim of denial of a speedy trial by the state court. The reason for the rule is that he is in custody in the federal penal institution because of his own wrongdoing and is beyond the custody and control of the state court, even though the federal government might grant the request of the state for custody of the defendant for the purpose of trial on the state charge."

Petition for writ dismissed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.