403 P.2d 283

**STATE of Arizona, Appellee,**

**v.**

**John Frank KOSTURA, Appellant.**

**No. 1560.**

Supreme Court of Arizona.

En Banc.

June 17, 1965.

Robert Corbin, County Atty., of Maricopa County, Ralph Fenderson, Deputy County Atty., for State of Arizona, appellee.

Peterson, Estrada, Matz & Machmer, Phoenix, for appellant.

UDALL, Justice.

This case is before us on certification pursuant to Rule 346, Arizona Rules of Criminal Procedure, 17 A.R.S. from the Superior Court of Maricopa County.

Defendant was charged with the commission of a felony in Maricopa County by a complaint filed on August 29, 1962 in the Northwest Justice Court. At the time of the filing of the criminal complaint, defendant was in federal custody in Leavenworth, Kansas. On August 18, 1964, while defendant was confined in Leavenworth, his attorney appeared before the Justice of the Peace and waived a preliminary hearing. The Justice of the Peace thereupon entered an order binding defendant over to Superior Court. On September 11, 1964, an information was filed in the Superior Court. On September 29, 1964, while defendant was absent, his attorney, with the consent of defendant, made a motion for a speedy trial. After oral argument on the motion, the trial court,

pursuant to Rule 346, Rules of Criminal Procedure, certified the following three questions of law to this Court:

*Question 1*: Can an attorney, with the consent and at the request of his client, which client is then incarcerated within the confines of a sister state, appear before a magistrate and waive a preliminary hearing?

*Question 2*: Can there be an arraignment in the Superior Court with the defendant absent in confinement in a sister state even though the defendant consents to the arraignment in his absence?

*Question 3*: Can a defendant who is so absent require the State of Arizona to pursue the steps necessary to secure the physical presence of the defendant within the State of Arizona so that the defendant can appear in open court for his arraignment and for his trial?

Defendant argues that he may waive a preliminary hearing by and through his attorney although he is at that time confined in a sister state relying on Art. 2, Sec. 30 of the Arizona Constitution, A.R.S. and Rule 17, Rules of Criminal Procedure. The State contends that the justice court lacked jurisdiction over the defendant when counsel "waived" the preliminary hearing for the absent defendant.

Rule 16, Arizona Rules of Criminal Procedure provides:

"When the defendant is brought before the magistrate after arrest, either with or without a warrant, on a charge of having committed an offense which the magistrate is not empowered to try and determine, the magistrate shall immediately inform him:

1. Of the charge against him.

2. Of his right to the aid of counsel during the preliminary examination.

3. Of his right to waive such examination."

We think it implicit from this Rule that defendant be brought before the justice court in order that the court obtain jurisdiction of the person of the defendant. See Jennings v. State, 362 P.2d 470 (Okl. Cr.1961). At this time the justice court obtains jurisdiction of the person of the defendant and defendant then can waive a preliminary hearing pursuant to Art. 2, Sec. 30, Ariz.Const. and Rule 17, Ariz. Rules of Criminal Procedure. It should be noted here that a preliminary hearing may be waived by a defendant's attorney in the absence of defendant provided of course the state already had jurisdiction of the person of the defendant. See State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964). However, since the defendant in the case at bar was never even in the state, the justice court did not obtain jurisdiction of him and the alleged "waiver" is without

force and effect. The answer to question one is NO.

■ Both the state and defendant agree that there can be no arraignment in the Superior Court with the defendant absent in confinement in a sister state even though defendant consents to the arraignment in his absence. See Criminal Rule 231 and State of Arizona v. Ransom, 62 Ariz. 1, 152 P.2d 621 (1944)—wherein it was stated:

"* * * the presence of the defendant cannot be dispensed with 'at [his] arraignment' and 'when a plea of guilty is made.'" 62 Ariz. at 7, 152 P.2d at 623.

The answer to question two is NO.

■ Defendant next contends that a writ of mandamus should issue to compel the Governor to exercise the procedures under 18 U.S.C. § 4085 for transferring federal prisoners to state courts. This contention is without merit since mandamus will issue to compel public officers to perform an act which the law specifically enjoins as a duty arising out of the office. Greater Arizona Savings and Loan Ass'n v. Tang, 97 Ariz. 325, 400 P.2d 121 (1965); State v. Phelps, 67 Ariz. 215, 193 P.2d 921 (1948). But nowhere in the law is such an affirmative duty imposed upon the Governor to exercise the procedures under 18 U.S.C. § 4085.

■ The defendant however, is not without a remedy to protect his right to a speedy trial. The defendant may make a motion to dismiss the charges when he is brought to trial, on the ground that he has been denied the right to a speedy trial. State v. Heisler, 95 Ariz. 353, 390 P.2d 846 (1964). The failure of the state to show good cause for not exercising the procedures provided for by § 4085 in a particular case may be valid grounds for dismissing the criminal action. State v. Heisler, supra.

The answer to question three is NO.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFAR-LAND, JJ., concur.