Jerry **DREADFULWATER**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. A–13919.

Court of Criminal Appeals of Oklahoma.

June 8, 1966.

Jerry Dreadfulwater, pro se.

Charles Nesbitt, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondent.

BRETT, Judge:

Jerry Dreadfulwater, petitioner, is presently confined in the Federal Correctional Institution, at LaTuna, Texas. He has filed petition for a writ of mandamus, and therein alleges that a hold order or detainer warrant for the arrest of the petitioner has been filed by Pittsburg County, Oklahoma. Petitioner seeks by writ of mandamus to be brought to immediate trial in Pittsburg County, or, in the alternative to have the case against him there dismissed.

The Attorney General has filed a response to said petition. Therein it is admitted that on August 20, 1964 a complaint was filed in the justice of the peace court, by the county attorney of Pittsburg County, charging the petitioner with larceny of an automobile, and that a warrant was issued thereon, but before the petitioner could be arrested on said warrant, he departed from the State of Oklahoma, and was subsequently incarcerated in the State of Texas.

The principle of law involved in this case has received the consideration of this Court a number of times. See Hurst v. Pitman, 90 Okl.Cr. 329, 213 P.2d 877; Bonsor v. District Court of Cimarron County, Okl.Cr., 303 P.2d 417; White v. Brown, Okl.Cr., 349 P.2d 509; Auten v. State, Okl. Cr., 377 P.2d 61.

In the case of Hurst v. Pitman, supra, this Court said:

"A prisoner in federal penitentiary located in another state which seeks dismissal of certain criminal prosecutions filed before a Justice of [the] Peace court for alleged failure to grant him a speedy trial, is not entitled to mandamus to compel the dismissal of such prosecution pending against him before a Justice of the Peace sitting as a committing magistrate, where the warrants of arrest issued on three complaints filed before said Justice of the Peace have never been served accused, and he has never been brought within the jurisdiction of the Justice of the Peace court; the Justice of the Peace in such case could not set the cases for trial until he had acquired jurisdiction of the person of the defendant."

It also appears that the defendant sought relief for speedy trial or the dismissal of said charge filed in the justice of the peace court in Pittsburg County by petition and motion in the district court of Pittsburg County, Oklahoma, which petition and motion were denied, apparently because the petitioner did not provide the necessary funds for his return to Oklahoma and back to the federal penitentiary.

It has been held that where an accused is incarcerated in a federal penitentiary, such incarceration is good cause for delay in bringing him to trial, even where the state authorities fail to request his delivery to the state court for trial. Denial under these conditions does not constitute a violation of the constitutional or statutory laws enacted to enforce that guarantee of a speedy trial. The state is not required to assume the additional burden of cost in-

cident to affording a speedy trial, in returning an accused to the state who, on his own volition, placed himself beyond the jurisdiction of the state and in the custody of the federal authorities.

The record before us shows that the warrant on the charge against this petitioner has not been served, and the justice has never obtained jurisdiction of the petitioner's person.

Under the conditions herewith presented, the petition for writ of mandamus wholly fails to state grounds for relief, and the writ is accordingly denied.

BUSSEY, P. J., and NIX, J., concur.