**Howard Eugene HOBBS, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–14049.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1966.

Howard Eugene Hobbs, petitioner, pro se.

Charles Nesbitt, Atty. Gen., for respondent.

NIX, Judge:

This is an original proceedings filed by the petitioner, Howard Eugene Hobbs, seeking a Writ of Mandamus from this Court directing the District Court of Comanche County to grant him a speedy trial or dismiss the charges pending there against him. Petitioner is presently confined in the United States Penitentiary at Terre Haute, Indiana, pursuant to a violation of the United States Code, and sentenced at Joplin, Mo. on March 29, 1966 to a term of Two Years.

The principle of law involved in this case has received the consideration of this Court a number of times.

See Hurst v. Pitman, 90 Okl.Cr. 329, 213 P.2d 877; Bonsor v. District Court of Cimarron County, Okl.Cr., 303 P.2d 471; White v. Brown, Okl.Cr., 349 P.2d 509; Auten v. State, Okl.Cr., 377 P.2d 61, and Dreadfulwater v. State, Okl.Cr., 415 P.2d 493, and was clearly set forth in the case of Application of Melton, Okl.Cr., 342 P.2d 571, as follows:

"Where an accused is incarcerated in a Federal Penitentiary, such incarceration is good cause for delay in bringing him to trial, even where the state authorities fail to request his delivery to the state court for trial."

And, further:

"The state is not required to assume the burden of cost, incident to affording a speedy trial, i. e., in returning an accused to the state, who, on his own volition, placed himself beyond the jurisdiction of the state and in the custody of the Federal Government."

In the case of Head v. State, Okl.Cr., 388 P.2d 327; and in the recent decision of Angel v. State, Okl.Cr., 397 P.2d 518, this court stated:

"Since [prisoner] is incarcerated in a penal institution outside the jurisdiction of the Court of Criminal Appeals, he is

not entitled to relief by Writ of Mandamus."

Under the conditions herewith presented, the petition for writ of mandamus wholly fails to state grounds for relief, and is accordingly denied.

BUSSEY, P. J., and BRETT, J., concur.