428 P.2d 61

**Rowan G. RICHERSON, Plaintiff-Appellant,**

**v.**

**The STATE of Idaho, Defendant-Respondent.**

**No. 9751.**

Supreme Court of Idaho.

April 21, 1967.

Rehearing Denied May 23, 1967.

William J. Brauner, Caldwell, for appellant.

Allan G. Shepard, Atty. Gen., and David A. Frazier, Asst. Atty. Gen., Boise, for respondent.

McFADDEN, Justice.

This appeal presents for resolution the question whether following request for a speedy trial by an accused, the refusal of the State to initiate procedures under 18 U.S.C.A. § 4085 for return of the accused, who is an inmate in a federal correction institution, to this state for trial on a criminal charge deprives such accused of his right to a speedy trial guaranteed by U.S. Const. Amend. 6, cl. 1, and also by Idaho Const. Art. 1, § 13.

Appellant Richerson, on June 29, 1965, submitted to the District Court for Canyon County, his motion entitled "Motion for a Speedy Trial or in the Alternative Dismissal of Charges and Detainer Warrant." Subsequently such motion and other instruments were filed in that court. Appellant alleged that he was charged by complaint filed in the Justice Court, Nampa Precinct of Canyon County, with the crime of forgery, a felony, and that a warrant for his arrest issued July 24, 1964; that thereafter on April 6, 1965, a detainer warrant was filed against him while he

was incarcerated in the federal penitentiary at Leavenworth, Kansas. He also alleged that he wrote a letter to the Canyon County Sheriff, who delivered it to the Nampa City Chief of Police who signed the criminal complaint and filed the detainer warrant against him. In this letter, appellant sought information as to whether an indictment or information had been filed against him. Appellant also wrote the prosecuting attorney of Canyon County on April 26, 1965, June 3, 1965, and June 8, 1965, asking for information and requesting a speedy trial on the charge. Appellant alleged he received no replies to those letters; he further alleged that as a result of the detainer warrant filed with the penitentiary officials, he was deprived of any opportunity to be transferred to a penitentiary other than one of maximum security and that he was under emotional upset and distress. Appellant's motion was submitted by himself without the assistance of counsel. See: Johnson v. State, 85 Idaho 123, 376 P.2d 704 (1962).

The trial court, by letter, advised appellant it had no jurisdiction over this case at this stage of the proceedings. Appellant then submitted a motion for rehearing, following which motion the trial court by memorandum decision and order dismissed appellant's petition from which order he perfected this appeal. Prior to this appeal, appellant was not represented by counsel, but on this appeal appellant is represented by appointed counsel.

■ In determining whether appellant's petition is sufficient under the attack made upon it, this court must accept all allegations of fact as true. Johnson v. State, 85 Idaho 123, 376 P.2d 704 (1962); Mahaffey v. State, 87 Idaho 228, 392 P.2d 279 (1964).

Appellant contends that his petition was sufficient for the trial court to grant the relief prayed for, i. e., either to bring him before the court for trial, or to dismiss the complaint and remove the detainer warrant.

The respondent, State of Idaho, however, contends that the dismissal of the petition was correct, asserting that under the facts

alleged, there was no violation of the right to a speedy trial as guaranteed by Idaho Const. Art. 1, § 13. The reasoning relied upon by respondent is that appellant, who is incarcerated in the federal penitentiary, is under the exclusive control of his person by a separate and distinct sovereignty, and is beyond the jurisdiction of any of the officials of this state. Further, that even though the Federal Government, pursuant to 18 U.S.C.A. § 4085, might have waived its exclusive control of the prisoner and granted a request by the state for custody of the defendant for the purpose of trial, whether such waiver would or would not be granted is dependent upon the discretion of a federal officer, and that thus there can be no violation on the part of this state's officers of the appellant's right to a speedy trial.

Respondent's position is well expressed in the case of Ex parte Schechtel, 103 Colo. 77, 82 P.2d 762, 118 A.L.R. 1032 (1938). That court recognized that a state may not deny an accused person a speedy trial by reason of the circumstance that he is incarcerated in one of the state's penal institutions under a prior conviction and sentence in a court of that state. (See: Jacobsen v. Winter, 91 Idaho 11, 415 P.2d 297 (1966).) However, that court, distinguishing between the case of an accused held by penal authorities of the state and an accused held by penal authorities of the United States, stated:

"Obviously, a very different situation exists where, as here, the United States has first acquired jurisdiction and custody of the petitioner and at the time the state indictment was returned, as well as during the period of delay, the federal government, and not the state of Colorado, has had him under its exclusive control. Under such circumstances it would seem certain that unless, during the term of petitioner's federal sentence, an unqualified and absolute right reposed in the Colorado authorities to require the United States to permit the presence of the petitioner for trial before the Colo-

rado court in which the indictment is pending, and without which presence no trial could be held, that the prosecuting officers of the state could not be charged with unreasonable delay in failing to proceed with the trial upon the state indictment. * * *." 82 P.2d at 764.

The Colorado court concluded that the petitioner had not been denied his right to a speedy trial.

Other authorities that have reached the same conclusion as Ex parte Schechtel, supra, are: McCary v. State of Kansas, 281 F.2d 185 (10th Cir., 1960), cert. denied 364 U.S. 850, 81 S.Ct. 94, 5 L.Ed.2d 73; Accardo v. State, 39 Ala.App. 453, 102 So.2d 913 (1958); Ex parte Douglas, 54 Ariz. 332, 95 P.2d 560 (1939); In re Norman's Petition, 184 A.2d 601 (Del., 1962); State v. Larkin, 256 Minn. 314, 98 N.W.2d 70 (1959); Application of Melton, 342 P.2d 571 (Okl.Cr., 1959); Raine v. State, 143 Tenn. 168, 226 S.W. 189 (1920). To the same effect: Duncan v. State, 42 Ala.App. 509, 169 So.2d 439 (1964); Ford v. Presiding Judge, Twentieth Judicial Circuit, 277 Ala. 83, 167 So.2d 166 (1964); State v. Hall, 266 Minn. 74, 123 N.W.2d 116 (1963); Snider v. State, 418 P.2d 102 (Okl. Cr., 1966); Hobbs v. State, 417 P.2d 934 (Okl.Cr., 1966); Dreadfulwater v. State, 415 P.2d 493 (Okl.Cr., 1966). But see: State v. Heisler, 95 Ariz. 353, 390 P.2d 846 (1964), and State v. Kostura, 98 Ariz. 186, 403 P.2d 283 (1965), holding one in petitioner's circumstances may have a remedy by motion to dismiss the indictment when brought to trial on the State charge.

Authorities which have reached the conclusion, contrary to Ex parte Schechtel, supra, that a federal prisoner is entitled to have state authorities take reasonable steps to bring him to trial without undue delay, are: People v. Piscitello, 7 N.Y.2d 387, 198 N.Y.S.2d 273, 165 N.E.2d 849 (1960); State v. Patton, 76 N.J.Super. 353, 184 A.2d 655 (1965), aff'd 42 N.J. 323, 200 A.2d 493; State ex rel. Fredenberg v. Byrne, 20 Wis.2d 504, 123 N.W. 2d 305 (1963); Commonwealth v. McGrath, 348 Mass. 748, 205 N.E.2d 710 (1965); Barker v. Municipal Court of Salinas Jud. Dist., 64 Cal.2d 806, 51 Cal.Rptr. 921, 415 P.2d 809 (1966).

A similar problem is presented when an accused is imprisoned in another state. Decisions which hold that a state has a duty to take steps necessary to secure a prompt trial for an accused held by authorities of another state are: Pellegrini v. Wolfe, 225 Ark. 459, 283 S.W.2d 162 (1955), People v. Bryarly, 23 Ill.2d 313, 178 N.E.2d 326 (1961). Contra, see: Cunningham v. State, 188 A.2d 359 (Del., 1962); Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815 (1952); Burton v. State, 214 Tenn. 9, 377 S.W.2d 900 (1964).

In federal courts the issue has been presented when a person accused in a federal court is incarcerated in a state institution. In Taylor v. United States, 99 U.S.App. D.C. 183, 238 F.2d 259, 261, it was held that the accused's incarceration did not "excuse the Government's long delay in bringing him to trial here, in the absence of a showing that the Government, at a reasonably early date, sought and was unable to obtain his return for trial." Contra, Nolan v. United States, 163 F.2d 768 (8th Cir., 1947).

Although respectable authority has come to an opposite conclusion, it is the conclusion of this court that the rule adopted by New York, New Jersey, Wisconsin, Massachusetts and California, as discussed in People v. Piscitello, State v. Patton, State ex rel. Fredenberg v. Byrne, Commonwealth v. McGrath, Barker v. Municipal Court of Salinas Jud. Dist., all supra, is the more logical. (See also: Pellegrini v. Wolfe, supra, and People v. Bryarly, supra). The reasons for this conclusion follow.

In Jacobsen v. Winter, 91 Idaho 11, 415 P.2d 297 (1966), this court held that where a prisoner sought a speedy trial his imprisonment in the state penitentiary under sentence for another crime was not good cause for the state to deny him his constitutionally guaranteed right to a speedy

trial. This court also held in that case that the time within which an accused is to be secured in his right to a speedy trial must be computed from the time complaint is filed against him. The Supreme Court of the United States has recently held that by reason of the Fourteenth Amendment the right to a speedy trial as guaranteed by the Sixth Amendment of the Constitution of the United States applies to the states. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. This United States Supreme Court decision was anticipated by the Supreme Court of Wisconsin in State ex rel. Fredenberg v. Byrne (1963), 20 Wis.2d 504, 123 N.W.2d 305, 308, in which case, as well as in Klopfer v. North Carolina, the historical origin of the right to speedy trial is discussed.

Several of the opinions, which conclude that an accused held in a penitentiary of another sovereign's prison system are not entitled to complain of denial of right to a speedy trial, have based their conclusion on the premise that such an accused is in his predicament by reason of his own fault and hence is in no position to complain. See: State v. Larkin, 256 Minn. 314, 98 N.W.2d 70 (1959); Nolan v. United States, 163 F.2d 768 (8th Cir., 1947); In re Yager's Petition, 138 F.Supp. 717 (D.C.E.D.Ky., 1956); Accardo v. State, 39 Ala.App. 453, 102 So.2d 913 (1958); Ex parte Douglas, 54 Ariz. 332, 95 P.2d 560 (1939); Lee v. State, 185 Ark. 253, 47 S.W.2d 11 (1932); Ex parte Schechtel, 103 Colo. 77, 82 P.2d 762, 118 A.L.R. 1032 (1938); People v. Peters, 198 Misc. 956, 101 N.Y.S.2d 755 (1951); Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815 (1952); Raine v. State, 143 Tenn. 168, 226 S.W. 189 (1920).

State ex rel. Fredenberg v. Byrne, 20 Wis.2d 504, 123 N.W.2d 305 (1963), discussed the fact that the accused's own actions caused him to be outside the jurisdiction as follows:

"* * * Although the imprisonment of the petitioner at Sandstone is his own fault that in itself does not excuse the state's long delay in bringing him to trial in the absence of a showing that the state was unable to obtain his return for trial. Moreover, the effect of a detainer warrant at Sandstone prison may in some cases result in a loss of privileges such as assignments outside the prison walls or may necessitate 'cell housing' or possible transfer to a penitentiary." 123 N.W.2d at 309.

In Commonwealth v. McGrath, 348 Mass. 748, 205 N.E.2d 710 (1965), that court stated:

"The decisions which have adopted a contrary position are unconvincing. Some of them reason that a State need not request the delivery of a person incarcerated elsewhere because it cannot demand his custody as a matter of unqualified right. But we fail to see why the lack of an absolute right excuses the exercise of due diligence. Other decisions are based on the notion that the defendant's absence from the jurisdiction is the result of his own wrongdoing. This, however, is not a situation where the accused is voluntarily remaining without the Commonwealth. Nor is it a case where the Federal authorities have refused to release him. * * *. Here, the delay in the trial of the defendant for a crime of which he is presumed innocent can be prevented." 205 N.E.2d at 714.

In the instant case, appellant alleged that a "detainer warrant" was filed against him on April 6, 1965, while in the federal prison. In State ex rel. Fredenberg v. Byrne, supra, the Wisconsin Supreme Court in discussing the use of "detainer warrants" pointed out the injustices that can arise from them, and stated:

"* * *. The Uniform Mandatory Disposition of Detainer Act provides a pending indictment or information or complaint must be tried within 90 days after request or be dismissed. 9B U.L.A. (Supp. 1962) p. 58[1] Work on an interstate compact to authorize the mandatory disposition of detainers is also being

1. 9B U.L.A. p. 365 (1966).

done.[2] The modern concept of a speedy trial has taken on a new meaning with the establishment of the practice of filing detainers. Not to be overlooked is that the delay in a trial may effect the fairness of the trial when it is ultimately held. Witness and exhibits may not be available and memories become dim with the passing of time. The psychological effect of delay on the prisoner must also be considered in determining in any case whether the delay is a denial of 'fundamental fairness' and 'shocking to the universal sense of justice.' See Walther, Retainer Warrants & The Speedy Trial Provision, 46 Marq.L.Rev. (1963) 423." (footnotes added.) 123 N.W.2d at 309.

The Supreme Court of California in Barker v. Municipal Court of Salinas Jud. Dist., 64 Cal.2d 806, 51 Cal.Rptr. 921, 415 P.2d 809 (1966), in discussing the application of that state's constitutional guarantee of speedy trial aptly stated:

" '[W]hat is a speedy trial in the constitutional sense * * * depends on the circumstances of each case bearing on * * * good cause' for the delay in bringing a defendant to trial. (In re Lopez (1952) 39 Cal.2d 118, 120, 245 P.2d 1, 2; see also Pollard v. United States (1957) 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393.) When there has been an extended delay in bringing a defendant to trial, 'it is not necessary that the party accused affirmatively show prejudice. * * * It is enough for the defendant to show that the prosecution has been unreasonably delayed. It will not be presumed that good cause for the delay in fact existed. If there was any good cause, it was for the prosecution to show it.' (Harris v. Municipal Court, supra, 209 Cal. 55, 64, 285 P. 699, 702; see also In re Begerow, supra, 133 Cal. 349, 354, 65 P. 828, 56 L.R.A. 513.) 'The cases hold that prejudice is presumed, or necessarily follows, from long delay; a

fortiori it follows when the defendant is imprisoned over the years before trial.' (Petition of Provoo (D.Md. 1955) 17 F.R.D. 183, 203, affd. 350 U.S. 857, 76 S. Ct. 101, 100 L.Ed. 761; see United States v. Simmons (2d Cir. 1964) 338 F.2d 804, 808; cert. den., 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276; United States v. Chase (N.D. Ill., 1955) 135 F.Supp. 230, 232–233.) 'The right of a speedy trial is granted by the Constitution to every accused. A convict is not excepted. He is not only amenable to the law, but is under its protection as well.' (State v. Keefe (1908) 17 Wyo. 227, 257, 98 P. 122, 131 [22 L.R.A.,N.S., 896.])" 415 P. 2d at 813.

Continuing, that court stated:

"There appears to be no sound reason for the distinction sometimes drawn between an accused serving a sentence outside a jurisdiction and one imprisoned within the jurisdiction. Both are equally entitled to a speedy trial. 'The rationale of the early cases holding [that] a federal prisoner * * * could not be heard to complain was based on the reasoning the state as a matter or right could not insist the prisoner be returned and [that] the delay was the prisoner's own fault for having committed the crime for which he was imprisoned. However, the more recent decisions * * * reason that once a state commences a criminal prosecution it has a *duty* to follow through and complete it, and the fact the defendant is incarcerated in a federal prison is not necessarily sufficient justification to make the delay reasonable. * * * " *The Constitutional guarantee * * * contemplates that the means that are available to meet its requirements shall be utilized*". * * * Although the imprisonment of the petitioner at [the federal prison] is his own fault that in itself does not excuse the state's long delay in bringing him to trial *in the absence of a showing that the state was*

2. See: Council of State Governments, The Handbook on Interstate Crime Con-

trol (rev. ed., Aug., 1966), Ch. IV, p. 91 et seq.

*unable to obtain his return for trial.* * * Both * * * counties [in which the charges were pending] knew the defendant was imprisoned * * * and they could have initiated proceedings to return him for trial.' (State ex rel. Fredenberg v. Byrne, supra, 20 Wis.2d 504, 509–510, 512, 123 N.W.2d 305, 308 (emphasis added) ; * * *." 415 P.2d at 814.

■ The fact that the federal authorities may not grant the request for release of the accused to be brought here to stand trial affords no excuse for the authorities of this state to refuse to make the effort to obtain his presence and especially is it true in a case such as this where appellant by his petition alleges repeated requests to be brought to trial, without any response having been made to his requests.

■ This cause, having to be reversed, all that can be required of the prosecuting authorities is a sincere effort on their part to obtain appellant's temporary custody from the federal authorities for the purpose of proceeding on the forgery charge. In the event of failure to obtain such custody, the time subsequent to such attempt could not be computed as chargeable against the state in any claim by the accused of denial of his constitutionally guaranteed right to a speedy trial.

Order of dismissal reversed and cause remanded for further proceedings in accordance with views herein expressed.

TAYLOR, C. J., and SMITH, McQUADE and SPEAR, JJ., concur.

## ON DENIAL OF PETITION FOR REHEARING

■ The State in its petition for rehearing contends that the court's opinion "imposes a duty upon the State to utilize the procedures provided by 18 U.S.C.A., Section 4085, in the absence of an information or indictment having been filed against the accused by the State." In answer to this contention, it is recognized that in the instant case only a "complaint" to date has been filed, but based on that complaint, the local enforcement authorities took the first step in the proceedings when the "hold order" was submitted to the Federal authorities. The State having taken such initial step, it became incumbent on the State to proceed with the cause by making a bona fide effort to obtain appellant's presence to proceed with the cause. Whether or not such attempt to secure appellant's presence is successful, under the federal statute, is dependent on the decision of the Attorney General of the United States.

Petition for rehearing is denied.