STATE v. JOHNSON.
STATE v. HUMPHREY.

[Cite as State v. Johnson, 13 Ohio Misc. 79.]

(Nos. 85474 and 87043—Decided November 13, 1967.)

Court of Common Pleas of Hamilton County.

BETTMAN, J.   These two cases present the same issue to the court.   The issue is, "Are the prosecuting authorities of the state of Ohio under a duty to bring to the state for trial a defendant incarcerated in a federal penitentiary?"

Defendant Johnson was indicted, arraigned and posted bond in December 1964. Various continuances were granted and in November 1965, the prosecuting attorney was advised that Johnson was in the federal penitentiary in Atlanta, Georgia.   In March 1966, Johnson filed a petition for a writ of habeas corpus *ad prosequendum* with this court praying that he be returned to this county for trial on

the indictment. In August 1967, he filed a motion to dismiss the indictment on the ground that he had been denied a speedy trial.

Defendant Humphrey was arraigned in December 1965. In February 1966, his bond was forfeited, the prosecutor learned that he was in the federal penitentiary at Terre Haute and a detainer was filed. In July and August, 1966, the prosecutor received letters from defendant Humphrey requesting that he be returned for trial. The prosecutor advised the federal authorities that he should be returned when available. In March 1967, defendant Humphrey filed with this court a motion to dismiss the charge for want of prosecution. Neither defendant is represented by counsel and the various motions were filed *in propria persona.*

If the defendants were confined in an Ohio institution, there is no question that the prosecuting attorney would be under a duty to bring them promptly to trial. As stated in its unanimous opinion by the Supreme Court in *The State, ex rel. Lotz, v. Hover* (1962), 174 Ohio St. 68:

"It is now well established that, even though one is incarcerated in one of the state's penal institutions, he is still entitled to a speedy trial on any other indictment pending against him."

Are the defendants' legal rights different since they are confined by the United States Government outside the jurisdiction of Ohio? This question has not yet been determined by the Appellate Courts of Ohio. Nationally, the authorities are divided as to whether the requirement of a speedy trial in the state constitutions and in the VI Amendment, operating through the "due process" clause of the XIV Amendment of the United States Constitution makes it mandatory for the prosecuting authorities of a state to promptly seek the return of a federal prisoner for trial.[1]

---

[1] Cases holding the prisoner has no right to insist on his being returned for trial are: *Ex Parte Schechtel* (1938), 103 Colo. 77, 82 P. 2d 762, 118 A. L. R. 1032; *McCary* v. *Kansas* (1960), 281 Fed. 2d

The underlying foundation of the cases holding that a federal prisoner cannot insist on his right to a speedy trial on a pending state charge is the principle of "comity" enunciated in *Ponzi* v. *Fessenden* (1922), 258 U. S. 254, 42 S. Ct. 309, namely, that since we have separate sovereignties—states and federal—each must avoid interfering with the other. Since the state cannot *require* the return of a federal prisoner for trial, it is argued, its failure to *seek* his return does not deny the prisoner his constitutional right to a speedy trial.

As a matter of fact the question of a prisoner's constitutional right to a speedy trial was not even an issue in *Ponzi*. The facts there were that the attorney general of the United States had agreed to produce Ponzi, a federal prisoner, for trial in Massachusetts. Ponzi, far from seeking a speedy trial, was attempting to prevent it. The court concluded that the attorney general could agree to deliver the prisoner for trial by the state. At most *Ponzi* is authority for the proposition that a state cannot require the federal government to consent to a state trial of its prisoner. It furnishes absolutely no legal excuse for a state's failure to act to the end that an accused be accorded a speedy trial.

It has been argued that the federal government is under a duty to extend full faith and credit to a state guaran-

185 cert. denied 364 U. S. 850, 81 Sup. Ct. 94, 5 L. Ed. 2d 73; *Cooper* v. *Texas* (1966), 400 S. W. 2d 890; *Wyoming* v. *Clark* (1964), Wyoming, 392 Pac. 2d 539; *State* v. *Hall* (1963), 266 Minn. 75, 123 N. W. 2d 116; *Petition of Norman* (1962), Delaware Sup., 184 Atl. 2d 601; *Ford* v. *Judge* (1964), 277 Ala. 83, 167 So. 2d 166. Decisions holding that failure of the state prosecuting authorities to act is a denial of the prisoner's constitutional rights are: *State, ex rel. Fredenberg* v. *Byrne* (1963), 20 Wis. 2d 504, 123 N. W. 2d 305; *People* v. *Bryarly* (1961), 23 Ill. 2d 313, 178 N. E. 2d 326; *Commonwealth* v. *McGrath* (1965), 348 Mass. 748, 205 N. E. 2d 710; *People* v. *Piscitello* (1960), 7 N. Y. 2d 387, 198 N. Y. S. 2d 273, 165 N. E. 2d 849; *State* v. *Patton* (1964), 76 N. J. Super 353, 184 A. (2) 655, Aff'd. 42 N. J. 323, 200 A(2) 493; *Pellegrini* v. *Wolfe* (1955), 225 Ark. 459, 283 S. W. 2d 162; *Taylor* v. *United States* (1956), 99 U. S. App. D. C. 183, 283 Fed. 2d 259; *Arizona* v. *Kostura* (1965), 98 Ariz. 186, 403 Pac. 2d 283; *People* v. *Newcombe* (1963), 239 N. Y. S. 2d 378, 18 A. D. 2d 1087.

tee of a speedy trial[2] and therefore would be required to turn over a federal prisoner to a state for trial. Whether this is true or not, the fact is that the federal authorities do honor writs of habeas corpus issuing out of a state court to produce a prisoner for trial. The argument that "comity" prevents a state from obtaining a federal prisoner for trial is without foundation.

The second argument advanced by courts to justify a state's failure to proceed is that the delay in the trial is not the fault of the state but is brought about by the accused's own wrongdoing. Carried to its logical extreme this argument would justify seriatim trials of a defendant against whom there were several charges, trying each charge at the end of each preceding prison term. This would hardly accord with basic concepts of due process. In any event, as stated by the Supreme Court of Ohio in *Lotz*, "it cannot reasonably be maintained * * * that the guarantee (of a speedy trial) became lost * * * upon conviction and sentence or * * * removal to the penitentiary."

On occasion, prosecuting authorities have argued that the cost of returning a prisoner together with the necessary guard should be given consideration. The courts have uniformly given this argument short shrift.[3] There is no price tag on constitutional rights. Were cost to be considered, we would logically have to do away with trials entirely.

The founders of our state and nation considered the right to a speedy trial so basic to justice they enshrined it in our Constitutions. Certainly there is merit to the truism that justice delayed is justice denied. Anyone who has sat on a trial bench is acutely aware of the fact that the longer the day of trial is delayed after the event, the more diffi-

---

[2] 35 Univ. of Cinti. L. R. 179, 188 (1966). This article thoroughly discusses the problem of "Interjurisdictional Conflict and the Right to a Speedy Trial."

[3] *People* v. *Piscitello*, note 1 supra; *State, ex rel. Fredenberg,* v. *Byrne,* note 1 supra.

cult, if not impossible it becomes to ascertain the truth. Not only do witnesses disappear, but testimony becomes "pat" and the detailed recollection so vital to a determination of credibility and to effective examination and cross-examination is gone.

Furthermore, to permit prosecuting authorities to delay the prosecution of a pending charge is to permit them to interfere with responsibilities vested in the correctional authorities and parole boards. It is the latter's duty to so design the prisoner's program that when, as he inevitably will, the prisoner is released, hopefully he will become a constructive member of society. It is also their duty, since most jurisdictions have indeterminate sentences, to decide when the prisoner should be paroled. All this is thwarted when detainers are filed and outstanding charges hang over the prisoner's head. This evil has been recognized by many courts.[4]

The Supreme Court of Ohio said in the *Lotz case*:

"The right of a speedy trial is granted by the Constitution to every accused. A convict is not excepted. He is not only amenable to the law, but is under its protection as well. No reason is perceived for depriving him of the right granted generally to accused persons, and thus in effect inflict upon him an additional punishment for the offense of which he has been convicted * * * the purpose of the provision against an unreasonable delay in trial is not solely a release from imprisonment in the event of acquittal, but also a release from the harassment of a criminal prosecution and the anxiety attending the same * * * Moreover, a long delay may result in the loss of witnesses for the accused as well as the state, and the importance of this consideration is not lessened by the fact that the defendant is serving a sentence in the penitentiary for another crime."

---

[4]*State* v. *Milner* (1958), 78 Ohio Law Abs. 285; *State* v. *Waites* (1959), 82 Ohio Law Abs. 356; *State, ex rel. Fredenberg* v. *Byrne, supra,* note 1; *Pellegrini* v. *Wolfe, supra,* note 1.

In this court's opinion, the Supreme Court's reasoning is as applicable to prisoners held by a foreign jurisdiction as to those held by Ohio.

The prosecuting attorney is charged by law with the duty to prosecute all indictments returned in this county. He has a duty under the Ohio and the United States Constitutions to afford the defendants speedy trials. By letter and by motion he has been requested to proceed with the trials of these defendants. The court will consider the defendants' petitions and letters in the nature of petitions for mandamus and will therefore enter an order directing the prosecuting attorney to take all steps necessary to secure the return of these defendants to this jurisdiction and to bring these cases to trial without further delay or, in the alternative, if the prosecuting attorney is of the opinion that the public interest will not be served by further prosecution of these actions, he may make application to this court for leave to nol. pros. the indictments.

The court will overrule defendants' motions to dismiss for want of prosecution, without prejudice, however, to the defendants' refiling such motions or to their right to raise the constitutional issue of the denial of a speedy trial by a motion to quash at the time of trial.

Entry should be presented accordingly.