STATE *v.* MOORE.

(Nos. 84830 and 84365—Decided February 13, 1968.)

Common Pleas Court of Hamilton County.

*Mr. Melvin G. Rueger,* prosecuting attorney and *Mr. Leonard Kirschner,* for the state.
*Mr. Richard J. Morr* and *Mr. Dale G. Schmidt,* for defendant.

BY THE COURT. The question presented to the court in this cause is quite simple. As is shown by the testimony and stipulations by counsel, an indictment was returned in Hamilton County, Ohio, against the defendant. There was a failure to respond to that indictment after a bond had been posted by the defendant. While the defendant was free on bond he proceeded to the state of Florida (after posting bond to answer the indictment in Hamilton County, Ohio), and there was incarcerated by a court of proper jurisdiction on another offense. While he was in prison in Florida, the defendant asked the Court of Common Pleas, Hamilton County, Ohio, for a speedy trial. The defendant now moves that this indictment against him be dismissed because he did not receive a speedy trial.

There is no procedure set up by which the Prosecuting

Attorney or this court could enforce any of its actions against the state of Florida or force that state to release the prisoner in question from its custody on the assumption that after a trial would be had in Hamilton County, Ohio, on the indictment in this case, the prisoner would be returned to the jurisdiction of the Florida court or penal institution.

There is an inference by counsel for defendant that if application had been made to the Attorney General of the United States, perhaps the defendant could have been released to the state of Ohio while he was still serving a sentenced imposed by the Florida state court, but the Attorney General has jurisdiction only in Federal proceedings. There is no showing that this defendant was subject to Federal Court action, and if he was in the Federal Court in Florida, it would still be discretionary with the Attorney General to release or not release a federal prisoner to a state court for trial on a state charge.

The court cannot read into this motion that the Prosecuting Attorney of Hamilton County, Ohio, must set extradition procedures in motion when he receives a petition for speedy trial by a prisoner in a foreign jurisdiction. There is no showing that there was any application to the Governor of Ohio by the defendant that he be extradited to Ohio to stand trial on this case while serving a sentence in the state of Florida.

The court has reviewed all the authority presented and is of the opinion that the motion herein is not well taken, and it will be overruled.

The following authorities were reviewed by the court in arriving at its conclusion:

Section 2963.05, Revised Code; Article I, Section 10, Ohio Constitution; Amendments VI and XIV, United States Constitution; *State, ex rel. Lotz,* v. *Hover,* 174 Ohio St. 68; *State* v. *Doyle,* 11 Ohio App. 2d 97 (Citing *Crider* v. *Maxwell, Warden,* 174 Ohio St. 190, and *Partsch* v. *Haskins, supt.,* 175 Ohio St. 139); *State* v. *Johnson,* 13 Ohio Misc. 79; Section 2945.71, Revised Code, and Section 2945.-02, Revised Code.