Ezra Lee HEREDEN, Petitioner,

v.

The STATE of Oklahoma, and the County Attorney of Tillman County, Oklahoma, Respondents.

No. A-13173.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1962.

Ezra Lee Hereden, Leavenworth, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

This is an application for Writ of Mandamus by Ezra Lee Hereden, an inmate of the United States Penitentiary at Leavenworth, Kansas, requesting that he be granted a speedy trial before the District Court of Tillman County, Oklahoma, or that proceedings against him be dismissed.

The record discloses that on the 30th day of July, 1958, the petitioner was charged with the offense of Forgery in the Second Degree in the Justice of the Peace Court of the Honorable F. C. Brown in Tillman County, Oklahoma, and that a warrant was issued for said petitioner but that the petitioner could not be found until he was subsequently incarcerated in the United States Penitentiary at Leavenworth, Kansas.

It thus appears that jurisdiction of the person of the petitioner was never obtained by the courts of Tillman County, Oklahoma. Thus the instant proceeding is placed within the purview of the rule annunciated by this court in In Matter of Application of Simmons, # 77348–L for Writ of Mandamus, Okl.Cr., 358 P.2d 644. In that matter this court said:

> "A prisoner in Federal penitentiary located in another state, who seeks speedy trial or a dismissal of a certain prosecution filed before an examining

magistrate of the State of Oklahoma, on ground of alleged failure to grant him a speedy trial, is not entitled to mandamus to compel the dismissal of such prosecution pending against him where warrant of arrest has never been served on the accused, and accused has never been brought within jurisdiction of the court; the examining magistrate in such case could not set the case for trial until he had acquired jurisdiction of the person of the defendant."

With equal force and to equal effect, this principle of law is applicable in the instant proceedings.

■ Therefore, the petitioner must look to a habeas corpus ad prosequendum proceeding as to his means of seeking relief in this matter:

"Where a preliminary complaint is pending against a person in the Justice of the Peace Court in which case warrants have not been served, the Justice of the Peace Court is without jurisdiction to act in said cases and set same for hearing, but that does not mean that the accused is without relief for he may proceed in the District Court of the county where charge is filed by way of habeas corpus ad prosequendum, making the magistrate and the person having custody of the accused parties defendant, and should such efforts fail, original proceedings may be filed in the Court of Criminal Appeals." See Jennings v. Raines, Okl.Cr., 353 P.2d 147.

■ However should the petitioner seek relief by way of habeas corpus ad prosequendum, he must tender sufficient money to defray the expense involved in transporting his person from the Federal Penitentiary at Leavenworth, Kansas, to the place where the hearing on such application is to be held and back to the Federal Penitentiary at Leavenworth, for as the Court stated in the Application of Melton for Writ of Mandamus, Okl.Cr., 342 P.2d 571:

"The state is not required to assume the additional burden of cost incident to affording a speedy trial, i. e., in returning an accused to the state, who, on his own volition placed himself beyond the jurisdiction of the state and in the custody of the Federal Government. The costs incident to returning the accused from Leavenworth, Kansas, after the completion of his sentence and in response to the hold order are just and reasonable, but to require the additional burden of a round trip excursion into Oklahoma under the conditions herewith presented would be an unjust burden on the state. The state is in no way responsible for the accused's predicament and is in no manner required to extend the hand of charity to him."

For the reasons herein set forth, the Writ of Mandamus is denied and the action is dismissed.

NIX, P. J., and BRETT, J., concur.