Walter Lucas REECE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21086.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1964.

Walter Lucas Reece, pro se.

H. M. Ray, U. S. Atty., Thomas G. Lilly, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and CHRISTENBERRY, District Judge.

PER CURIAM:

This is an appeal from the denial by the district court of appellant's 28 U.S. C.A. § 2255 motion to vacate and set aside his sentence and conviction. Appellant was convicted by a jury on a one-count indictment charging him with a violation of the Dyer Act, 18 U.S.C.A. § 2312, and sentenced to the custody of the Attorney General for a period of three years.

Predicating his motion on the following facts, appellant urges that he was denied his right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution.

On May 21, 1962, appellant was arrested on a warrant based on a complaint, and being unable to post original and reduced bond, he was remanded to the custody of the United States Marshal for the Northern District of Mississippi. On July 19, 1962, he was indicted by the Grand Jury. He was arraigned on November 7, 1962, and with the assistance of his court-appointed counsel, whose competency is not here challenged, entered a plea of not guilty. On December 10, 1962, appellant, again represented by counsel, was tried before a jury,

convicted, and on January 8, 1963, was sentenced.

The above facts are recited in the district judge's findings of fact and conclusions of law, wherein in addition the judge explains the unfortunate situation which exists in his district; that he is the only judge in the district, which serves 37 counties; that there are four divisions in the district where he must sit; that by standing order of court he sits at each of the divisions annually for two regular terms, averaging one month each; and that the terms of court in the division where appellant was held convened in the months of May and November.

The Sixth Amendment affords every defendant in a criminal case the right to a speedy trial. This right is not so absolute or unqualified that it admits of no delay. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950. It is designed to protect a defendant from purposeful and oppressive delays. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393. Davidson v. United States, 8th Cir., 1963, 312 F.2d 163, 167. Clearly, the deprivation of the right to a speedy trial guaranteed by the Sixth Amendment is not proven by mere reference to periods of time.

As this court has held previously, the Sixth Amendment right of an accused to a speedy trial does not arise until after a prosecution is instituted against him. Harlow v. United States, 5th Cir., 1962, 301 F.2d 361, cert. denied 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56, rehearing denied 371 U.S. 906, 83 S.Ct. 204, 9 L.Ed.2d 167. In the instant case the indictment was returned against appellant on July 19, 1962, and the trial commenced on December 10, 1962, constituting a delay of 4 months and 21 days. In our view the delay complained of was not so prolonged as to be *per se* unreasonable; nor has there been any suggestion that the delay was purposeful or oppressive or that it adversely affected appellant's defense or his opportunity to prepare a defense. The delay was a regrettable incident to a burdensome court docket.

Having decided that the delay complained of was neither unreasonable nor oppressive, we need not consider the effect of appellant's letter addressed to the assistant United States Attorney requesting an early trial.

The judgment is affirmed.