**Ronald L. NAUGLE, Petitioner,**

v.

**Jack FREEMAN, Justice of the Peace, Oklahoma County, and State of Oklahoma, Respondents.**

**No. A–14744.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Ronald L. Naugle, pro se.

G. T. Blankenship, Atty. Gen., Charles L. Ownes, Asst. Atty. Gen., for respondents.

## PER CURIAM.

This is an original proceeding in which Ronald L. Naugle, an indigent inmate confined in a federal penitentiary, petitions this court for a writ of habeas corpus ad prosequendum seeking a speedy trial or dismissal of charges pending against him in Oklahoma County, Oklahoma.

On a plea of guilty in July, 1965, Petitioner was sentenced to ten years by a federal court for bank robbery and is now confined in a federal penitentiary in Atlanta, Georgia. On August 30, 1965, a preliminary information was filed in the Justice of the Peace Court of Jack Freeman in Oklahoma County, Oklahoma, charging the crime of robbery in the first degree. On the basis of the pending charge in Oklahoma County on approximately September 9, 1965, a detainer was lodged against Petitioner at the federal penitentiary. On January 12, 1966, Petitioner filed a pro se, in forma pauperis petition in the District Court of Oklahoma County seeking, in effect, his right to a speedy trial on the pending robbery charge. On January 28, 1966, the District Court of Oklahoma County denied the petition relying upon Hereden v. State, Okl.Cr.App., 369 P.2d 478, which held that a federal penitentiary inmate must pay transportation costs incident to trying him on Oklahoma charges if he is to be tried before his release from federal custody.

Petitioner then sought relief in the federal courts which was denied due to Petitioner's failure to exhaust available state remedies. Naugle v. Oklahoma, 375 F.2d 424 (10th Cir. 1967). Petitioner then filed the instant proceeding with this court for a writ of habeas corpus ad prosequendum in which he prays that an order be entered dismissing the outstanding information or that Petitioner be returned to Oklahoma for trial on the charge at state expense as he is indigent. Petitioner

claims that the effect of the Hereden rule is to deny him equal protection of the law and an indigent is denied a speedy trial while a federal inmate with sufficient funds for transportation expenses from federal custody to the state is afforded a speedy trial on a pending state charge.

The United States Supreme Court in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), established that the right to a speedy trial in the Sixth Amendment of the United States Constitution applies to the states through the Fourteenth Amendment. In Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed. 2d 607, decided January 20, 1968, the United States Supreme Court answered the exact issue involved in the instant case as to the nature and extent of the obligation imposed upon a state by that constitutional guarantee, when a person under a state criminal charge is serving a prison sentence imposed by another jurisdiction. In Smith v. Hooey, supra, a criminal charge was pending in Harris County, Texas, against the Petitioner who was confined in a federal prison outside of Texas. He filed for a writ of habeas corpus ad prosequendum praying that he be given a speedy trial or that the charge be dropped. In denying relief the Texas Court acknowledged that an inmate of a Texas prison would have been clearly entitled to the relief sought, but held that where two separate sovereignties are involved, the state is totally absolved from any duty to seek custody for trial. The United States Supreme Court expressly rejected this contention and held that the accuracy of the "separate sovereignties" theory no longer has "any continuing validity in the criminal law" citing Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), for the proposition that a state is obligated to request temporary custody of a federal inmate for state trial purposes. The court concluded in Smith v. Hooey, supra, that:

"Upon the petitioner's demand, Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for trial."

We therefore conclude that Petitioner is entitled to the relief prayed for in the instant case. Petitioner had made a demand for a speedy trial and the prosecuting attorney is obligated to make a diligent, good faith effort to bring him before the Oklahoma County District Court for trial.[1] This obligation of the state is not absolved by the accused's inability to pay the expenses involved in bringing him into the State and returning him to federal custody. Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). Commonwealth v. McGrath, 348 Mass. 748, 205 N.E.2d 710. Necessarily, Hereden v. State, supra, and its companion cases must be overruled where inconsistent with this decision.[2]

The District Attorney for the Seventh Judicial District of Oklahoma should at once seek temporary custody of Petitioner, at state expense where necessary, from federal custody in order to proceed on the charge of robbery in the first degree filed on approximately August 30, 1965, in the justice of the peace court of Jack Freeman, Oklahoma County; or if the District Attorney within a reasonable time fails to bring Petitioner before an examining magistrate to answer said charge, then the District Court of Oklahoma County is directed to dismiss this pending cause and to so notify the federal penal officials. Writ granted.

This application was assigned to the Referee, Mr. Penn Lerblance, by the

---

1. Present authority to secure temporary custody of federal inmates for state trial is found in 18 U.S.C. § 4085. State ex rel. Short v. White, 39 Okl.Cr. 242, 264 P. 647. Bulletin No. 384, Department of Justice, Bureau of Prisons.

2. In re Melton, Okl.Cr.App., 342 P.2d 571; Auten v. State, Okl.Cr.App., 377 P.2d 61; Dreadfulwater v. State, Okl. Cr.App., 415 P.2d 493; Hobbs v. State, Okl.Cr.App., 417 P.2d 934; Fryar v. State, Okl.Cr.App., 440 P.2d 204.

Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.