Louis Eugene MARTIN, Jr., Petitioner,

v.

**PITTSBURG COUNTY DISTRICT COURT,**
State of Oklahoma, Respondent.

No. A–15045.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

---

Louis Eugene Martin, Jr., pro se.

G. T. Blankenship, Atty. Gen., Dale Crowder, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION AND ORDER

PER CURIAM.

Louis Eugene Martin, Jr., has filed with this court for a writ of mandamus seeking a speedy trial on criminal charges filed against him in the District Court of Pittsburg County, Oklahoma. Petitioner alleges that he is confined in the Federal Penitentiary in Atlanta, Georgia, Reg. No. 91833–A, and that on approximately April 5, 1968, the State of Oklahoma cause to be placed a detainer against him at that institution on the basis of criminal charges filed against him in the District Court of Pittsburg County. Petitioner requested and was denied a speedy trial on October 21, 1968, and now has filed as an indigent seeking relief from this Court.

Adopted this day in our decision in Naugle v. Freeman, Okl.Cr.App., 450 P.2d 904, this Court acknowledged and implemented the ruling of the United States Supreme Court in Smith v. Hooey, (decided January 20, 1969), 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, to the effect that the right to a speedy trial on pending state criminal charges is not suspended or defeated by the accused's custody in a federal penal institution outside the state. Where criminal charges have been filed in an Oklahoma court the District Attorney has a constitutional duty to make a diligent, good faith effort to bring the accused before the court for trial. This obligation of the state is not absolved by the accused's inability to pay the expenses involved in bringing him into the state and returning him to federal custody. Necessarily this court's former decisions inconsistent with this ruling have been overruled.

In the instant case Petitioner has styled his application a request for writ of mandamus. However, the appropriate remedy under the allegations herein would be a writ of habeas corpus ad prosequendum and this application will be treated as such. Under the allegations we conclude that Petitioner is entitled to the relief prayed for in that he has made a demand for a speedy trial and the prosecuting attorney should therefore seek temporary custody to bring Petitioner to trial on the charges or dismiss the same.

Accordingly, the District Attorney for Pittsburg County, Oklahoma, should at once seek temporary custody of Petitioner, at state expense where necessary, from federal officials in order to proceed on the charges filed in Pittsburg County; if the District Attorney within a reasonable time fails to bring Petitioner before an examining magistrate to answer said charge, then the District Court for Pittsburg County is directed to dismiss this pending cause and to so notify the appropriate federal penal officials. Writ of habeas corpus ad prosequendum granted.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.