**UNITED STATES of America**

v.

**Ramon VELEZ–ARENAS.**

**Cr. No. 202–68.**

United States District Court
D. Puerto Rico.

May 21, 1969.

Francisco A. Gil, U. S. Atty., Blas C. Herrero, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Víctor R. González-Mangual, San Juan, P. R., for defendant.

### ORDER

FERNANDEZ-BADILLO, District Judge.

Ramón Vélez-Arenas was arrested on February 27, 1967 and brought before the United States Commissioner to answer to a complaint charging him with knowingly and willfully threatening the life of Lyndon B. Johnson, President of the United States in violation of 18 U. S.C. § 871. Defendant voluntarily waived his right to a preliminary hear-

ing and his right to be represented by counsel at this stage of the proceedings. On that same day he was committed to jail for failure to furnish bond in the sum of $2,000. He remained incarcerated until December 29, 1967, when he was released on his own recognizance. Counsel was appointed by Order of the Court on January 5, 1968. An indictment was returned on October 23, 1968 and arraignment was set for November 1, 1968. On this occasion defense counsel moved orally for dismissal of the indictment on the ground that defendant's constitutional right to a speedy trial had been violated. Defendant's claim of denial of speedy trial is based on preindictment delay. A one year-eight month interval elapsed between arrest and indictment. Arraignment was continued until the resolution of said motion which was submitted to the Court's consideration on February 17, 1969.

The constitutional guarantee under the Sixth Amendment claimed by defendant seeks to protect the following basic demands: "(1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation and (3) to limit the possibilities that long delay will impair the ability of an accused to defend himself." Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, January 20, 1969.

The right to a speedy trial is not absolute but relative, Harrison v. United States, 128 U.S.App.D.C. 245, 387 F.2d 203 (1967) and a determination of whether delay in prosecution has assumed constitutional proportions necessarily depends on an evaluation of all the circumstances surrounding the particular case, United States v. Mann, D.C., 291 F.Supp. 268 (1968); Needel v. Scafati, D.C., 289 F.Supp. 1006 (1968). Mere lapse of time is insufficient to establish a Sixth Amendment violation. United States v. Richardson, D.C., 291 F.Supp. 441 (1968); Reece v. United States, 337 F.2d 852 (5th Cir., 1964);

Hampton v. State of Oklahoma, 368 F.2d 9 (10th Cir.1966).

The four factors traditionally considered by the courts in determining whether there has occurred an unconstitutional deprivation of the right to speedy trial are considered together because they are interrelated. United States v. Roberts, D.C., 293 F.Supp. 195 (1968). These elements are length of delay, reason for delay, prejudice to defendant and waiver. The delay must not be purposeful or oppressive. Orderly expedition and not mere speed is the requirement. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627.

In this case, the government has asserted, and it has not been disputed, that the delay was not purposeful or oppressive. The reason for the passage of twenty months between the arrest and the indictment has been attributed to the need of carefully investigating the facts surrounding the serious offense charged in the complaint. Defendant's sole claim of prejudice is the fact that he was detained in jail for inability to give bond for a period of ten months. The Court is of the view that defendant's preindictment detention by itself is not sufficient prejudice to justify dismissal of the indictment. During the last eight months before the indictment was returned defendant was represented by counsel yet not once did he move for a speedy trial. He merely let the time go by in silence. See: United States v. Aadal, D.C., 280 F.Supp. 859 (1967), Hampton v. State of Oklahoma, supra, 368 F.2d at p. 12.

The delay has not been unreasonably long nor has it been shown to be oppressive to defendant or without legitimate purpose. In the light of these circumstances I hold that there has been no violation of defendant's Sixth Amendment right to a speedy trial. It is therefore,

Ordered that defendant's oral motion of November 1, 1968 be and is hereby denied.