APPLICATION of Ronald Lee NAUGLE
for a Writ of Habeas Corpus.

APPLICATION of James William GIBBS
for a Writ of Habeas Corpus.

Nos. A–15280, A–15346.

Court of Criminal Appeals of Oklahoma.

July 28, 1969.

Don Anderson, Oklahoma City, Public Defender for Oklahoma County, for Ronald L. Naugle.

Herbert Hyde, Jr., Oklahoma City, for James William Gibbs.

Curtis Harris, Dist. Atty., Oklahoma County, Clinton D. Dennis, Asst. Dist. Atty., for respondent.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

IN THE MATTER OF THE APPLICATION OF JAMES WILLIAM GIBBS, No. A–15,346, wherein said petitioner is seeking his discharge thereby avoiding standing trial on a criminal charge of Carrying a Concealed Weapon, After Former Conviction of a Felony, how pending in the District Court of Oklahoma County, Case No. CRF–69–460,[1] by Petition for

---

1. James William Gibbs was charged with Carrying a Concealed Weapon, After Former Conviction of a Felony, on August 4, 1967; he was arrested the same day and was admitted to bail with his preliminary hearing being set for August 31, 1967. Between August 4th and August 31st, 1967, Gibbs was arrested in Denver, Colorado by the Federal Authorities on a charge of Possession of Counter-

feit U.S. Currency, and was sentenced to serve six years in the Federal penal institution.

In March, 1968, the Federal penal authorities at the U. S. Penitentiary at Leavenworth, Kansas, notified Gibbs that a detainer warrant had been lodged against him by the Oklahoma County authorities. In March, 1969, Gibbs wrote to the District Attorney of Oklahoma

Writ of Habeas Corpus, said case is herewith consolidated with that of RONALD LEE NAUGLE, No. A–15,280, which follows.

This is an original proceeding in which petitioner, Ronald Lee Naugle, is seeking his discharge from a charge of Robbery in the First Degree in the District Court of Oklahoma County, Case No. CRF–69–418. Petitioner is presently in confinement in the Oklahoma County Jail, under Federal custody.

His confinement in the Oklahoma County Jail resulted from a Petition filed in this Court earlier for a Writ of Habeas Corpus Ad Prosequendum in which he asked for either a speedy trial on the charge pending against him, or in the alternative, the dismissal of said charge. To support his Petition for Writ of Habeas Corpus Ad Prosequendum, petitioner cited the United States Supreme Court decision of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, after considering said Petition in light of the United States Supreme Court decision of Smith v. Hooey, supra, this Court granted petitioner the relief he sought, by ordering the District Court to either grant petitioner a trial on said charge, or dismiss the same. The District Attorney forthwith completed arrangements with the Federal penal authorities in Leavenworth, Kansas, and petitioner was transported to the Oklahoma County Jail to stand trial. See Naugle v. Freeman, Okl.Cr., 450 P.2d 904, 905.

Prior to the time for petitioner's preliminary hearing on the Robbery charge, he filed his Petition in this Court asking for issuance of the Writ of Habeas Corpus discharging him from the pending charge, alleging the denial of a speedy trial on that charge. A hearing was held in this Court

on May 7, 1969, at which petitioner was represented by the Oklahoma County Public Defender.

The facts briefly stated are: On August 30, 1965, a charge of Robbery in the First Degree was filed against petitioner in Oklahoma County. The warrant for arrest was issued on, or shortly after, August 30, 1965, but was never executed because of petitioner's absence from the state. On June 15, 1965, petitioner was arrested by the authorities of the United States Government in Shreveport, Louisiana, on a charge of Bank Robbery. On July 30, 1965, petitioner was sentenced to serve ten years in a Federal penal institution, and is now in Federal custody.

On September 9, 1965, petitioner was notified by the prison authorities that the State of Oklahoma had lodged with them a detainer warrant against him, seeking his custody to answer the Robbery charge. Thereafter on January 19, 1966, petitioner filed a Petition for Writ of Habeas Corpus Ad Prosequendum in the District Court of Oklahoma County, which was denied on January 28, 1966. Thereafter, petitioner filed three separate petitions in the United States District Court, Western District of Oklahoma, for Writ of Habeas Corpus. Those petitions were denied on March 23, 1967, because petitioner had not exhausted his state remedies. See Naugle v. State of Oklahoma, 10 Cir., 375 F.2d 424.

Subsequent to the Federal District Court action, denying petitioner's Writ of Habeas Corpus, the Petition for Writ of Habeas Corpus Ad Prosequendum was filed in this Court, and petitioner was granted the relief he sought. Subsequently, petitioner was transported to the Oklahoma County Jail to stand trial on the Robbery charge. His preliminary hearing on the charge was

County demanding a speedy trial on the pending charge, or in the alternative, the dismissal of said charge.

· The Oklahoma County District Attorney, by Writ of Habeas Corpus Ad Prosequendum, caused the Federal authorities to make Gibbs available for trial. At the time his Petition was filed in this

Court, Gibbs was confined in the Oklahoma County Jail, under Federal custody, awaiting his trial. Gibbs' preliminary hearing was set to be had May 22, 1969, but the same was continued after his Petition was filed in this Court for Writ of Habeas Corpus.

interrupted when the Public Defender for Oklahoma County filed the Petition for Writ of Habeas Corpus now under consideration.

This Court issued a Rule to Show Cause on May 2, 1969, setting the Petition down for hearing to be had on May 7th. On May 6th, the Respondent herein filed his Response to the Rule to Show Cause setting forth that he is holding Petitioner on the basis of District Court Case No. CRF–69–418, the original Robbery charge filed in 1965.

In his argument before this Court, petitioner cited Smith v. Hooey, supra; People v. Winfrey, 20 N.Y.2d 138, 281 N.Y.S.2d 823, 228 N.E.2d 808 (1967); and People v. Piscitello, 7 N.Y. 387, 198 N.Y.S.2d 273, 165 N.E.2d 849, 851 (1960); in an effort to show that petitioner has been denied his constitutional right to a speedy trial, and therefore the Robbery charge should be dismissed against him. It was the position of the Assistant District Attorney of Oklahoma County, that prior to the date the United States Supreme Court rendered its decision in Smith v. Hooey, supra, the District Attorney for Oklahoma County, had followed the procedure set forth in Hereden v. State, Okl.Cr., 369 P.2d 478 (1962), as announced by this Court; which procedure was also the rule of the majority of the states, and which had been recognized by the United States Supreme Court until the decision of Smith v. Hooey. He also pointed out that after petitioner's Writ of Habeas Corpus Ad Prosequendum was granted, immediate action was taken to gain temporary custody of petitioner for his trial, and that the State of Oklahoma is now ready to commence petitioner's trial.[2]

In denying petitioner's request for the Writ of Habeas Corpus, in which proceeding he seeks to dismiss the pending charge in the District Court of Oklahoma County, we fail to see the applicability of Smith v. Hooey, supra, as it is contended to apply to this particular case. In that case, Smith's matter was remanded to the Texas Court for reconsideration. In this case, the District Attorney acted immediately to obtain temporary custody of petitioner in the manner set forth in the Supreme Court decision. Likewise, he did exactly what this Court ordered to be done in petitioner's Ad Prosequendum proceeding, in Naugle v. Freeman, supra. In that decision this Court directed:

"The District Attorney for the Seventh Judicial District of Oklahoma should at once seek temporary custody in order to proceed on the charge of Robbery in the First Degree filed approximately August 30, 1965, in the Justice of the Peace Court of Jack Freeman, Oklahoma County; or if the District Attorney within a reasonable time fails to bring Petitioner before an examining magistrate to answer said charge, then the District Court of Oklahoma County is directed to dismiss this pending cause and to so notify the federal penal officials."

We are therefore of the opinion that, insofar as the District Attorney has promptly complied with the Order of this Court; and has promptly obtained temporary custody of petitioner in the manner advised by the Honorable United States Supreme Court in Smith v. Hooey, supra; and insofar as petitioner is being granted the relief he sought in his Petition for Writ of Habeas Corpus Ad Prosequendum, this Petition for Writ of Habeas Corpus should be, and the same is therefore, denied.

Likewise, the Writ of Habeas Corpus requested in the Petition of James William Gibbs, No. A–15,346, is denied.

Writ denied in both cases.

BUSSEY and NIX, JJ., concur.

2. James William Gibbs is in the same situation.