**UNITED STATES of America**

v.

**Douglas POWELL.**

**Crim. No. 15386.**

United States District Court,
S. D. Alabama, S. D.

March 3, 1970.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff.

Douglas Powell, pro se.

### ORDER

PITTMAN, District Judge.

This matter comes before this court on a pro se motion of defendant Douglas Powell to dismiss this indictment against him for failure of a speedy trial.

An indictment was returned against him on January 3, 1969, growing out of circumstances taking place on or about July 20, 1968, in violation of Title 18, Section 2312, U.S.C.

On January 24, 1969, an attorney was appointed for the defendant; he was arraigned and pled not guilty.

The defendant is presently incarcerated by the State of Alabama serving a state sentence.

As the Fifth Circuit has held, "the Sixth Amendment right of an accused to a speedy trial does not arise until after a prosecution is instituted against him." Reece v. United States, 5th Cir., 1964, 337 F.2d 852, and cases cited therein.

Therefore, the delay from the return of the indictment until date is about fourteen months. In the Reece case supra, there was a delay of four months and 21 days from indictment until trial. The court held there that that delay was not per se unreasonable. In speaking of delay, the court held:

"The Sixth Amendment affords every defendant in a criminal case the right to a speedy trial. This right is not so absolute or unqualified that it admits of no delay. 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It does not preclude the rights of public justice.' Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950. It is designed to protect a defendant from purposeful and oppressive delays. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393. Davidson v. United States, 8th Cir., 1963, 312 F.2d 163, 167. Clearly, the deprivation of the right to a speedy trial guaranteed by the Sixth Amendment is not proven by mere reference to periods of time." Reece v. United States, supra.

There are now 62 cases involving 74 defendants in the Southern Division of the Southern District, and in the Northern Division there are four cases involving seven defendants.

No persons who have been indicted are now in jail awaiting trial, unless they are serving time on other convictions.

Since defendant's arraignment, the following criminal court has been held in this Division. Custody cases, crimes of violence, and more serious offenses are given priority. During the week of January 12, 1970, there were 11 cases involving 14 defendants set. These cases included those of two defendants who were in custody of this District only, awaiting trial. With the exception of two bank robbery cases, and of one case where the defendant was in this District's custody only, awaiting trial, all cases set during that week either involved offenses which occurred at an earlier date than the offense of which Douglas Powell is charged, or the indictment was returned at an earlier date than the Powell indictment. Of the eleven cases set, five were continued.

During the week of November 17, 1969, there were nine cases involving sixteen defendants set, including one defendant who was in custody of this District only, awaiting trial. Of these cases, five were continued.

During the two weeks of September 8 and 15, 1969, there were twenty-four cases including thirty-four defendants set. Of these cases, fourteen were continued.

There are now pending in this Division, two cases involving bank robberies, two cases involving large thefts from interstate shipment, eighteen cases involving interstate transportation of stolen motor vehicles, and two perjury cases. Other cases range from tax evasion, firearms violations, embezzlement, possession of marihuana, to whiskey violations and thefts of government property.

In addition to the above, this court holds court in two districts, sits in five cities, and handles all the criminal work in this district with rare exceptions.

It is evident the delay is not purposeful or oppressive. The delay is a regrettable incident to a burdensome court docket.

In accordance with the foregoing, the motion to dismiss the indictment herein is hereby denied.