Cephas WILSON, Petitioner,

v.

DISTRICT COURT OF OKLAHOMA COUNTY, Respondent.

No. A–15264.

Court of Criminal Appeals of Oklahoma.

April 30, 1970.

Jones & Jones, Oklahoma City, for petitioner.

Curtis P. Harris, Dist. Atty., James R. McKinney, Asst. Dist. Atty., for respondent.

BRETT, Presiding Judge:

This is an original proceeding in which petitioner, Cephas R. Wilson, seeks dismissal of a criminal charge pending against him in Oklahoma County, Case No. 26566, and withdrawal of the detainer lodged by virtue of said charge against him at the Federal Penitentiary in Leavenworth, Kansas.

On August 29, 1960, a preliminary information was filed in Oklahoma County charging petitioner with the crime of Robbery with Firearms allegedly committed on August 23, 1960, and subsequently filed in the District Court as Case No. 26566. Petitioner was released on $10,000 bond on October 7, 1960, and bond was increased to

$50,000 on November 14, 1960. The case was stricken from trial date of November 15, 1960, at petitioner's request. After making bond in Oklahoma County, petitioner was arrested and convicted in Wichita, Kansas, on a state charge of possession of firearms. After completion of the Kansas sentence, petitioner was confined in the Federal Penitentiary at Leavenworth, Kansas, to serve 20 years on a federal conviction where a detainer was lodged for the Oklahoma charge. Petitioner has thus been imprisoned outside Oklahoma since November 9, 1960.

In 1962 petitioner made a request of Oklahoma County prosecuting authorities for a speedy trial accompanied by notice from the penal officials that petitioner was available for trial in Oklahoma under certain conditions. Subsequent requests in 1964, 1965, and 1968, were made by petitioner for speedy trial or dismissal of the Oklahoma charge. No attempt to secure petitioner for purposes of trial has been made by Oklahoma County authorities and the charge is still pending against petitioner.

Petitioner now contends that he has been denied his right to a speedy trial guaranteed by the United States Constitution, Sixth Amendment, binding on the states through the Fourteenth Amendment, and the Oklahoma Constitution; and accordingly concludes that the charge must now be dismissed. Oklahoma Constitution, Article II, §§ 6, 7 and 20. Title 22 O.S.1961, § 812. Hembree v. Howell, 90 Okl.Cr. 371, 214 P.2d 458 (1950). Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. The state takes the position that under Hereden v. State, Okl.Cr., 369 P.2d 650 (1962), the prosecuting authorities had no obligation to seek custody of one imprisoned outside Oklahoma to afford a speedy trial on a pending charge prior to Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, decided January 20, 1968. Accordingly, the state requests the prohibition be denied and that they be allowed to bring petitioner to trial as soon as they can secure custody.

In Smith v. Hooey, supra, the United States Supreme Court, in a unanimous opinion, held that the fact of incarceration in another jurisdiction did not absolve the duty to afford the accused his Sixth Amendment right to a speedy trial. "Upon the petitioner's demand, [the state] had a constitutional duty to make a diligent, good-faith effort to bring him before the * * * court for trial." Justice White in a concurring opinion noted that the court's decision does "leave open the ultimate question whether [the state] must dismiss the criminal proceedings against the petitioner." Justice Harlan in his concurring opinion made this observation:

"If the State still desires to bring him to trial, it should do so forthwith. At trial, if petitioner makes a prima facie showing that he has in fact been prejudiced by the State's delay, I would then shift to the State the burden of proving the contrary." 393 U.S., at 284, 89 S.Ct., at 580.

Thus, the question in most cases remains open as to when a pending charge must be dismissed because accused in incarcerated outside the state's jurisdiction for a considerable period of time. Certainly, after Smith v. Hooey, the failure of the state to make a "diligent, good-faith effort" to bring accused to trial would require dismissal of the prosecution. However, we find no controlling rule in a situation where after Smith v. Hooey, the state seeks custody to try an accused incarcerated for a number of years.

■ Oklahoma, by statute, requires that if a defendant is not brought to trial at the next term of court after the charge has been filed, with no postponement on his application, the prosecution must be dismissed, unless good cause be shown. 22 O.S.1961, § 812. It is, of course, clear that petitioner in the instant case has not been brought to trial within the next term of court after the charge was filed against him. The next question is whether good cause has been shown. Formerly, when the accused was incarcerated outside Okla-

homa, this statute was held not to require dismissal of a charge under Hereden v. State, supra. However, the Hereden case has not been overruled. Naugle v. Freeman, Okl.Cr., 450 P.2d 904 (1969). Furthermore, not only must there be compliance of the State's requirement of a speedy trial, but conformity with the speedy trial requirement of the Sixth Amendment of the United States Constitution which is binding on the state. Klopfer v. North Carolina, supra.

■ Generally, as to whether a delay in trial has denied accused the right to a speedy trial, the relevant factors for consideration are length of the delay, the cause of the delay, any waiver by the defendant, and prejudice to defendant. State v. Johnson, 275 N.C. 264, 167 S.E.2d 274 (1969). United States v. Roberts, 293 F. Supp. 195 (S.D.N.Y.1968), United States v. Simmons, 338 F.2d 804 (2nd Cir., 1964); United States v. Velez-Arenas, 299 F.Supp. 463 (D.P.R.1969).

In Pitts v. North Carolina, 395 F.2d 182 (4th Cir., 1968), the Court of Appeals set aside the defendant's North Carolina state conviction holding that a 16-year delay between initiation of prosecution and trial while defendant was imprisoned in another jurisdiction had denied him of the Sixth Amendment's right to a speedy trial. This fundamental right is necessary "in that a criminal defendant is not rendered unable to rebut charges against him because undue delay has caused memories to dim or witness to disappear." The court reasoned that:

"Because this constitutional guarantee is so basic to a fair trial, courts have made it abundantly clear that after a delay of this magnitude, it is not the defendant who must bear the burden of showing prejudice, but the state which must carry the obligation of proving 'that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay.' [citations]" 395 F.2d at 185.

In Klopfer v. North Carolina, supra, the United States Supreme Court found the defendant need show no prejudice to prevail on his assertion that he had been denied the right to a speedy trial. Also see: United States v. Banks, 370 F.2d 141, 145 (4th Cir., 1966). Several courts have ruled that a delay might be so substantial as to be prima facie prejudicial. United States v. Lustman, 258 F.2d 475, 478 (2nd Cir., 1958), cert. denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109. United States v. Simmons, 338 F.2d 804 (2nd Cir., 1964). Olson v. State, 92 Idaho 873, 452 P.2d 764 (1969). We find no rule as to what number·of years or period of time would automatically require dismissal of pending criminal charges. Some jurisdictions have held four years delay while accused was incarcerated to be denial of constitutional right of speedy trial[1] while others have held 15 months delay too long.[2]

■ This Court has heretofore held that questions concerning the denial of a speedy trial should first be filed in the district court, where that court can take evidence and make a determination of the question presented; and thereafter such matter may be appealed on the record to this Court. But in the instant case, both sides requested this Court to assume original jurisdiction and to reach a determination on petitioner's matter. This Court has assumed jurisdiction and a hearing was conducted in this Court, when arguments were heard and certain documents were submitted for consideration. Consequently, for this Court to remand this matter to the district court for further consideration would impose an additional burden on that court, and would constitute a waste of motion. Therefore, notwithstanding the

1. State v. Johnson, 275 N.C. 264, 167 S.E. 2d 274 (1969); United States v. Richardson, 291 F.Supp. 441 (S.D.N.Y., 1968)

2. Luckman v. Burke, 299 F.Supp. 488 (E.D.Wisc., 1969)

former holding of this Court, this specific matter will be disposed of at this time.

The district attorney attached to his response certain exhibits which were incorporated and made a part of said response. Exhibit-K is a photo-copy of a letter written by petitioner on February 5, 1968, which was addressed to Representative R. G. Blankenship, Spiro, Oklahoma. In said letter, petitioner states that the detainer placed on him in the federal penitentiary —by Oklahoma County authorities—has inhibited his process of rehabilitation, denied him certain privileges, has caused him to be retained in close custody—because of the Federal Bureau of Prisons policies concerning detainers—and that said detainer threatens possible favorable consideration of his application for parole from the federal prison. These considerations have been regarded as prejudicial factors by a majority of the jurisdictions.

However, as set out hereinbefore, it is the position of the district attorney that this Court's holding in Hereden v. State, supra, placed no obligation on the prosecution to seek custody of one imprisoned outside of Oklahoma, to afford a speedy trial on pending charges. Regardless of the holdings of Hereden v. State, that decision has been superceded by the later decision of the United States Supreme Court in Smith v. Hooey, supra, as well as this Court's later decision in Naugle v. Freeman, supra, which specifically overruled the *Hereden* decision. Likewise, it is made to appear to this Court that petitioner has been seeking a speedy trial during the administrations of three different prosecutors for Oklahoma County, without success. We would point out however, that the lack of diligence on the part of the Oklahoma County Prosecutor cannot be laid to the responsibility of the present district attorney, who is seeking to prosecute petitioner at this time.

 However, considering the facts presented this Court—in light of the present status of the law—we believe petitioner is entitled to the relief being sought.

He has shown to the satisfaction of this Court that he has been seeking a trial on the pending charges for a period of some seven years; and sufficient facts have been placed before the Court to show that petitioner has been prejudiced by the detainer placed on him in the federal penitentiary in 1962, to warrant the relief being sought. Therefore, this matter will not be remanded to the trial court for the taking of evidence.

 In the future, such cases concerning matters of the denial of a speedy trial including those wherein petitioner is incarcerated in another state, must be filed in the trial court before this Court will consider the same. In considering those matters, the trial court must consider that the failure to bring an accused to trial for a number of years, because petitioner is incarcerated outside Oklahoma, is a prima facie showing of prejudice; and that after such a delay, the State has the burden to prove that accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay in bringing an accused to trial. A trial court in ruling upon a motion to quash, or to set aside an information, based on denial of a speedy trial should consider: the length of the delay, the cause of the delay, waiver by the accused, and prejudice to the accused because of the delay. If the evidence shows accused has suffered such prejudice by virtue of the delay, as to render a fair trial doubtful, the criminal charge should be dismissed with prejudice.

We are therefore of the opinion, for the reasons stated herein, that the criminal charge pending against petitioner in Oklahoma County District Court case number 26566, in which petitioner is charged with the crime of armed robbery, should be dismissed.

It is so ordered. Writ granted.

NIX, J., concurs.

BUSSEY, J., dissents.